## CAMPAU *v.* GILLETT.

A license was granted to an administratrix to sell real estate for the payment of debts, under an act of the late territory of Michigan, entitled an act directing the settlement of the estates of persons deceased, and for the conveyance of real estate in certain cases, adopted 27th July, 1818. The license was granted on the 12th January, 1827, but the sale did not take place until the 7th July, 1831. The sale was held to be void, as more than four years had elapsed between the granting of the license and the sale—the statute of limitations then in force, barring all claims against the estate after four years.

Where a license was granted by a county court to an administratrix to sell real estate, and after the granting of the license and before the sale, the law giving the court jurisdiction was repealed, the sale was held to be void—the repeal of the law being a revocation of the license.

CASE reserved from Wayne Circuit Court. Ejectment by Henry Campau, son and heir at law of Henry Campau, deceased. The defence was a deed of the premises in controversy, dated 8th August, 1831, from the administratrix on the estate of Campau, deceased, to Peter J. Desnoyer, whose title the defendant held. Campau died in 1822, and his widow took out letters of administration on his estate the same year, or the year following, and, on the 12th January, 1827, the county court of Wayne county, on her application, licensed her, as administratrix on the estate, to sell the premises in question. On the 8th July, 1831, having been regularly advertised, they were sold at public auction, and purchased by Desnoyer, to whom they were conveyed by the administratrix. The act giving the county court jurisdiction to grant licenses in such cases, entitled "An act directing the settlement of the estates of persons deceased, and for the conveyance of real estate in certain cases," adopted 27th July, 1818, was repealed in 1829, previous to the sale. Ses. L. 1829, p. 86.

*Davidson*, for plaintiff.

*Backus*, for defendant.

*By the court*, WING, J. It is objected that the statute of limitations barred any claim which might have existed against the estate of the deceased, and therefore there could be no legal sale.

The order of sale bears date the 12th day of January, 1827. The day of sale was the 7th July, 1831. Four years and six months, less five days, elapsed from the date of the order to the day of sale. Only thirty days' advertisement of sale was required, and probably a longer notice was not given; if so, more than four years had elapsed from the date of the order to the time of giving notice.

By the law in force from the time the order was granted to the time of sale, the time limited to bring an action against an executor or administrator was four years: after that period the suit was barred. Laws of 1820, p. 60, sec. 3. Our probate and limitation laws were adopted from those of Massachusetts, and with them, according to a familiar rule, we adopted the construction put upon those laws by the courts of that state.

In the case of Wellman *v.* Lawrence, 15 Mass. 310, an administrator presented to the court of probate a list of debts, including his own, on the 10th January, 1804, and he was duly licensed by the court of common pleas, March term, 1804, to sell so much of the real estate of his intestate as should be sufficient to pay his just debts. A sale was advertised, but on the day of sale, the land, being offered, was not sold, and the auction was closed without adjournment. On the 16th August, 1816, the administrator sold at public auction, after due notice, &c. The administrator never paid any of the debts due from the estate, and he had never been sued, and all the debts against the estate were on simple contract.

The court held the administrator had no authority to make the sale under the license at the time he sold. At the time of his obtaining the license, there were claims against the estate, but at the time he made the sale, no such demands existed. The court say, " As suits against them (administrators) are by statute to be commenced within four years, there can be no reason for the exercise of the authority given to the courts for licensing the sale of real estate for the payment of

debts, after that term has expired." And again: "We should not then have licensed this administrator, at the time he made the sale, and there is no ground on which the sale can be justified, which would not have rendered it equally fitting to have granted a license at that time." See also 15 Mass. 58; 16 *id.* 172; 13 *id.* 164, 165; 2 Pickering, 2d ed. 509, n. 2.

In the case of Heath *v.* Wells, 5 Pick. 140, it was held, " A license granted to an administrator to sell real estate of the deceased, to pay a debt barred by the statute of limitations respecting executors and administrators, is void." In this case the court remark, upon the conclusive effect of a license—the court having jurisdiction—and say: " The court granting license to the administrator had no jurisdiction of the subject matter; for if the administrator had no right to sell, the estate not being assets in his hands, the court had no cognizance of the case, and the license was merely void. It was not a case for deliberation or decision. The license could give no authority to the administrator, who might as well have been licensed to sell lands of a stranger. To make an administrator's sale valid, the right of the administrator to sell, and the license of the court, must coincide."

In 8 Greenleaf, 220, the court held that " a license to sell real estate, for the payment of debts, would not be granted where the claims appear to be barred by the statute of limitations."

In this case, and in the cases in Massachusetts, referred to above, and the authorities therein referred to, the decisions appear to be put upon the ground that administrators have no power over the lands of the intestate, except there shall be a deficiency of personal property belonging to the deceased. At common law, the real estate descends to the heir of the deceased; and without the happening of that contingency, the right of the administrator to ask for a license, or of the court to grant it, did not exist. The statute of limitations was intended for the benefit of the heirs, that they might be quieted by a speedy settlement of estates in which they should be interested. From the authorities cited, and the reasons given, we think the sale by the administrator in the case before us was void.

It is also insisted, that the order of the county court had spent its force before the day of actual sale, for the reason that the law under which it was granted, had been repealed, and all power in such matters was vested in judges of probate.

The law of 1820, from which the county court derived their power to grant the order, was unconditionally repealed by the law of 1829, Acts of Legis. Coun. 1829, p. 86, the first section of which declares, "That the county courts of the respective counties in this territory lying east of Lake Michigan, shall not, hereafter, have jurisdiction of any civil matter in law or equity." Jurisdiction in probate matters, and the power to grant license to sell real estate to pay the debts of intestates were by a law of the same year, given to the judges of probate in the' respective counties.

To this objection it is answered, that the powers of the county court were spent when they had granted the order, and it was remitted to the probate court to be acted upon; that the repealing law does not affect any act done; that the county court was not annihilated, its criminal jurisdiction remained; and that under the law of 1820, the action of the administrator upon the order was not to be reported to the county court, but to the court of probate; that the order was in effect a judgment, a final proceeding in the county court.

So far as the interests of purchasers are concerned, the courts of Ohio and this state have ever considered these orders of equal validity with judgments. If the court have jurisdiction of the matter, it has been held the purchaser need not look behind the order. 3 Ohio R. 257, 561-2; 4 *id.* 130, 131.

The law authorizes a sale, but, on a proper application, the court is to determine whether the facts submitted will, under the law, justify their making an order of sale. Without such order, the sale would be void. The order is the foundation of the power to sell. But without a law authorizing the sale, the order itself would be void. It would lay no foundation that would justify the execution of such power. Every order of court, to some extent, may be considered as a judgment; but it must have the character of a final judgment, or the consequences contended for by the defendant would not follow. By a final judgment, conflicting rights between parties are settled, and are made certain; and a party is entitled to receive that which he has recovered by a judgment, and this right cannot be taken away. By the order the administrator gains no personal rights, neither does he or the creditors lose any rights they gain by the order; the administrator is at liberty to sell, but whether he sells or not, does not concern him—he is only

bound to the extent of the personal estate; and as to the creditor, he may enforce his claim by the agency of the administrator, or by a suit at law; no right is settled by the order;—then how can the order have the effect of a judgment? Under certain circumstances, the administrator has by the law the right to sell: but the power to say when these circumstances have arisen, is vested in the court, and it is only with the approbation of the court that this power—entrusted to him, not by the order of the court, but. by the law under which he acts—can be exercised.

The order of sale, say the court in the case of Ludlow's Heirs *v.* Wade. 4 and 5 Ohio R. 503, is nothing more than record evidence of the existence of the necessary facts to justify such a proceeding, and the assent on the part of the court that the administrator should exercise a power previously vested in him. It calls that power, which was before dormant, into life and activity. It follows, then, that a repeal of the law is a revocation of the power; and, after its revocation, a sale made would be void: although during the existence of the statute, an order for such sale had been made. In fact, the right to sell depends both upon the existence of the law and of the order, and when either ceases to be in force, the right is gone. A repeal of the law would have an effect to rescind the order, equivalent to the effect which the reversal of a judgment would have upon that judgment; and, as after such reversal a sale would convey nothing, so after the repeal of the law would a sale made be void: while the law and the order are in force, a good title can be made; but not after one is repealed or the other rescinded.

In the case of the Bank of Hamilton *v.* Dudley's Lessees, 2 Peters 523, the question decided in 4 and 5 Ohio R., above cited, was considered. The court say, " this is a point on which we cannot doubt. The power to sell is not an independent power, to be exercised at discretion, when the exigency, in the opinion of the administrator, may require it; but is conferred by the court in a state of things prescribed by the law. The order of the court is a pre-requisite, indispensible to the very existence of the power; and if the law which authorized the court to make the order be repealed, the power to sell can never come into existence. The repeal of such a law divests no vested estate, but is the exercise of a legislative power which every legislature possesses. The mode of sub-

jecting the property of a debtor to the demands of a creditor, must al-ways depend on the wisdom of the legislature."

The cases of Davis' Lessee v. Livingston, 6 Ohio R. 225, and Paine's Lessee v. Skinner, 8 Ohio R. 162, maintain the same views. And so in 16 Ohio R. 573, Lessee of Perry v. Clarkson and others. The court, whilst they express their regret that administrators and purchasers should have acted upon a misapprehension of the law, and that mis-chiefs have resulted from such mistakes, say, they conceive that the court has put a right construction upon the statutes, and that it was not in their judicial power to remedy the evil. See 1 Hill 332; 10 Watts' R. 351.

It will be perceived that these decisions cover the point made in this case; and it is not perceived that it could make any difference whether the power to grant the license to sell was wholly annihilated or trans-ferred to another court, as in either case the order could derive no force from the court that granted it; and the decisions cited do not attach any importance to the consideration that administrators were or were not required to report their proceedings to the court granting the order. We therefore think the sale was void for this reason also.

*Certified accordingly.*