## Charles S. Kidder v. Martha Merryhew and another; and Same v. Henry K. Crissman and another.

*Replevin: Abatement: Removal of justice: Replevin bond: Delivery: Detention.* Where in consequence of the removal of a justice from the township, a replevin suit commenced before him has abated after the property had been taken upon the writ by the officer, a judgment upon the replevin bond on special findings is not warranted in the absence of any finding that the property had ever been delivered to the plaintiff in replevin, or was detained by him after the abatement of the suit.

*Replevin: Abatement: Remedy.* The remedy of a defendant in replevin who has been thus deprived of his property by a replevin suit which had so abated, is an action of replevin to recover it, or possibly of trover for its value, and not by an action on the replevin bond.

*Submitted on briefs October 7. Decided October 19.*

Cases made from Kent Circuit.

*Kutts & Hyde,* for plaintiff.

*Taggart, Simonds & Fletcher,* for defendants.

PER CURIAM:

These are cases made after judgment, and being substantially alike, were submitted together.

The suits originated in justice's court, and were carried by appeal to the circuit court, where they were tried without jury, and judgment given for the plaintiff on special findings. Each action was upon bond in replevin in justice's

court, and it does not appear by the finding in either case that the property replevied was delivered to the plaintiff in that action. The replevin suits were commenced before one George S. Curtiss, a justice of the peace of the township of Plainfield, and the property seems to have been taken on the writs from the possession of the plaintiff Kidder. But before the return day Curtiss removed from the township, and on such return day one Hyser, who was then a justice *de facto*, but not *de jure*, of the township, and who occupied the same office theretofore occupied by Curtiss, informed the parties, who had appeared thereat, that Curtiss had turned over his docket to him, and that he would proceed with the trial of the causes. It was then objected by defendant that the docket had not been legally transferred, and thereupon Hyser granted defendant's motion to dismiss the cases, but refused to enter judgment for return as asked by defendant.

Subsequently Hyser notified the parties that the docket had been legally transferred, and that he would proceed to try the causes at a specified time and place. The parties appeared at the time and place mentioned, when, upon the objection of the plaintiff, that no legal transfer had been made, Hyser again dismissed the cases. The defendant therein then demanded a return of the property. In this state of things suits were brought on the bonds. It will be observed that there is no finding that the property taken on the writs was ever delivered to the plaintiff in replevin, or, in case it was, that it was subsequently detained from Kidder; and moreover there is no finding that the replevin suits were transferred to Hyser, or of any facts to enable the court to say whether or no the suits were transferred. If there was no transfer, it is certain that all Hyser is said to have done was nugatory, and the cases were not affected by his doings. The plaintiff in replevin could not be considered in fault on account of the removal of the justice from the township without placing the suits in a shape to be carried on. The suits being properly commenced, the caption of

the property was a lawful consequence, and the plaintiff in replevin, being unable either to compel the justice to remain in the township, or to take the proper steps to prevent an abatement in consequence of his removal, ought not to be held responsible in suits on the bonds. The remedy of the defendant in replevin was either an action of replevin or possibly of trover. He was therefore not remediless.

On the whole, we think the facts found insufficient to support the judgments, and that they ought to be reversed, and judgments entered here for the defendants, with the costs of all the courts.