(105 N. W. 1106.)

---

JOHN SIEBOLT v. THE KONATZ SADDLERY COMPANY.

Opinion filed January 23, 1906.

### Claim and Delivery — Liability on Undertaking — Prosecution of the Action.

1. The condition in plaintiff's undertaking on commencing an action in claim and delivery "for the prosecution of the action," etc., as prescribed by section 5334, Rev. Codes 1899, is broken if plaintiff fails to prosecute the action to a final termination on the merits, whether his failure to do so is due to his own fault or to the fault of the justice of the peace before whom the action is pending in entering up. a void judgment.

### Same — Separate Conditions of Undertaking.

2. The condition of the undertaking for the prosecution of the action may become effective independently of the other, conditions of the bond for the return of the property and for the payment of damages.

### Same — Evidence — Damages.

3. On a trial of an action for damages on account of the breach of the condition of the undertaking for the prosecution of the action, the value of the property taken on the writ of replevin and not returned is a material issue, and it is error to exclude evidence offered to prove its value.

**Same — Breach of Undertaking — Void Judgment in Replevin.**

4. The defendant brought an action in justice court to recover the possession of property on which he claimed a chattel mortgage lien, and recovered judgment. Plaintiff appealed to the district court on questions of law only, where judgment was rendered declaring the judgment void on jurisdictional grounds. The defendant did nothing thereafter towards maintaining his right to the property by action. *Held,* that the conditions of the undertaking for the prosecution of the action were broken.

Appeal from District Court, Stutsman county; *Burke, J.*

Action by John Siebolt against the Konatz Saddlery Company and others. Judgment for defendants, and plaintiff appeals.

Reversed.

*S. E. Ellsworth,* for appellant.

For a failure in one of the conditions of an undertaking in replevin, action will lie thereon, although the others are kept. Wells on Replevin, section 413.

"To prosecute with effect," is to prosecute to a successful issue. Cobbey on Replevin, section 1253; Wells on Replevin, section 415; 24 Am. & Eng. Enc. Law (2d Ed.) 540.

Dismissal of suit for failure of jurisdiction, negligent failure of plaintiff to prosecute with diligence, negligence of the officer holding the writ, resulting in the abandonment, nonsuit of plaintiff, verdict for defendant, are all breaches of the condition of the bond to prosecute with effect. Cobbey on Replevin, 1250-1256; Biddinger et al. v. Pratt, 35 N. E. 795; Little v. Bliss, 39 Pac. 1025; Boom v. St. Paul & Mfg. Co., 22 N. W. 538; McDermott v. Isbell et al., 4 Cal. 113; Cox v. Sargent, 50 Pac. 201; Keenan v. Washington Liquor Co., 69 Pac. 112; Mills et al. v. Gleason et al., 21 Cal. 274; McKey et al. v. Lauflin, 30 Pac. 16; Manning v. Manning, 26 Kan. 101; Hall v. Smith, 10 Iowa, 45; Parrott v. Scott, 12 Pac. 763.

Right to possession can be shown in a suit on the bond in mitigation of damages, 24 Am. & Eng. Enc. Law (2d Ed.) 541; Mills et al. v. Gleason et al., supra.

*Oscar J. Seiler* and *Spalding & Stambaugh,* for respondents.

Where suit abates by removal of the court, bond not liable. Cobbey on Replevin, section 1259; Kidder v. Merryhew, 32 Mich. 470; Pierce v. Pardee, 1 Thompson & C. 557.

MORGAN, C. J. The plaintiff in this action was the defendant in an action in claim and delivery brought by the Konatz Saddlery Company in justice court. The other defendants were sureties on the undertaking given by the plaintiff in that action. The present defendant, who was plaintiff in the replevin case, recovered a judgment in that court for the possession of the property involved in that suit. The defendant therein appealed to the district court on questions of law alone, and recovered a judgment that the judgment appealed from was void for the reason that the justice adjourned the, case at the close of the trial for an indefinite period and finally entered judgment, in the absence of the parties, at a' place other than the place where the trial was had, and four and a half miles therefrom. The judgment appealed from was vacated and set aside by the district court, on the ground that the justice lost jurisdiction to enter judgment. The plaintiff brings this action to recover damages in the sum of $250 for a breach of the undertaking; that being alleged to be the value of the property taken which defendant refused to return on demand.

The condition of the undertaking alleged to have been broken by the defendant is: "That said plaintiff shall prosecute said action with effect," etc. The contention is that there was a breach of the condition of the bond which renders the defendants liable for the value of the property taken and not returned. In other words, it is contended that there was no prosecution of the action. The complaint sets forth that the plaintiff was the owner of the property taken, and had the same "in his possession and under his control." It also alleges the fact of the commencement of the action in justice court, and alleges that the defendant claimed the right to the possession of the property involved therein, "claiming and alleging a special property therein." The defendants answered, and deny that the Konatz Saddlery Company did not prosecute the replevin action,. and sets forth its right to the possession of that property by virtue of having a chattel mortgage thereon on which payment was past due, and that it has legally foreclosed said mortgage and sold the property at public sale under the power of sale contained in the mortgage.

Two questions arise upon the record: (1) Was the action in justice court prosecuted by the plaintiff so as to exempt it from liability under that condition of the bond? (2) Did the trial court err in excluding evidence of the value of the property taken in jus-

tice court? The statute provides that undertakings in claim and delivery actions shall be given with conditions "for the prosecution of the action, for the return of the property to the defendant, if return thereof is adjudged, and for the payment to him of such sum as may for any cause be recovered against the plaintiff," etc. Section 5334, Rev. Codes 1899. The only breach of the undertaking relied on in this case is that the action was not prosecuted by the defendant within the meaning of the statute. The condition of the undertaking, as given, is not in the language prescribed by the statute. The words "with effect" are not contained in the statute. So far as this case is concerned, that can make no difference. The bond, as given, is within the terms of the statute. Whether the bond be considered according to its terms or according to the statutory requirements, the result will be the same. We conclude that there was a breach of the bond. The defendant failed to prosecute the action. No judgment was rendered determining the issues involved in the action. The mere fact that the justice rendered a judgment was not a prosecution of the action, for the reason that it was finally set aside as void. That left the issues of fact undetermined, and the action was, in law, as though never commenced. The principal issue in that action was whether this defendant held a valid chattel mortgage on the property taken under the replevin writ. That issue is undetermined. The defendant was entitled to a final adjudication of the issues raised by the answer. Until that right was given him, the condition of the bond for the prosecution of the action was not complied with. The commencement of the action and the taking of the property under the writ was not a prosecution of the action.

The prosecution of the action, within the meaning of the statute, is to continue the proceedings to trial and to a determination of the issues by final judgment. The condition of the undertaking is complied with by continuing the proceedings to judgment on the merits, although not in plaintiff's favor. If the action had been prosecuted to judgment on the merits, the condition of the undertaking would be fulfilled, although the defendant had prevailed. If the action be prosecuted to judgment on the merits, and the defendant recover judgment, that judgment should provide for a return of the property to the defendant and for payment of such damages as had been awarded on the trial, and costs. If the action be prosecuted by the plaintiff to a determination of the issues in de-

fendant's favor, the other conditions of the bond become operative, and the condition thereof for the prosecution of the action cannot be resorted to by the defendant. These conditions of the bond are separate and independent, and are not cumulative in any sense. The last two conditions do not become operative until after judgment determining the rights of the parties in respect to the property replevied. The condition as to the prosecution of the action becomes operative before such final judgment, and is broken by any failure or unwarranted delay in carrying the action to final judgment or through any means under which the rights of the parties to the property are not finally adjudicated by judgment. The fact that the judgment was rendered void through the fault of the justice of the peace alone does not exonerate the plaintiff from complying with the condition of the bond. The bond is given to protect the defendant in case the property is wrongfully taken from him and not returned, and to protect him if he be damaged by a failure to prosecute the action. It was not the defendant's fault that brought about the void judgment.

The case cited by respondent, Kidder v. Merryhew, 32 Mich. 470, is not in point. In that case the defendant was absolved from liability for the reason that the property was not shown to have been delivered or detained by him. What is there said concerning the liability of the defendant when occurring through the fault of the justice of the peace was not involved in the case, and therefore unnecessary. There are many authorities that define what is meant by "prosecuting an action," under statutes like our own. In Alderman v| Roesel, 52 S. C. 165, 29 S. E. 386, the court said: "But whatever the explanation of the sheriff's conduct, it was Roesel's duty under his bond to prosecute for the unlawful detention of said property up to the time of said release—to have carried the cause to final effect; and failing in this, he has rendered himself and surety liable for breach of that condition." In Marryott v. Young, 33 N. J. Law, 336, the court said: "But this position overlooks the first stipulation in the condition, which is that the plaintff in certiorari will prosecute the writ in the court above. This is a substantive term, quite independent of those that follow. Nor is this a stipulation which can be satisfied, as was suggested on the argument, by proof that the writ was returned to the court above, for that is but one of the series of acts which go to make up the prosecution of the writ. The meaning of this

branch of the agreement is that the suit or proceeding shall be prosecuted or followed up to a conclusion." See, also, Cobbey on Replevin, 1255, and cases cited. We therefore conclude that the defendant failed to prosecute the action to such a determination as is contemplated by the statute. Merely taking the property and holding it without a determination of the issues of fact is not a compliance with the statute nor with the bond.

The remaining question is easily determined. A competent witness was asked as to the value of the property taken and detained, and, on objection, was not permitted to answer. The value of the property was a material issue under the pleadings. The action was brought for damages arising out of the breach of a condition of the bond, and the damages were alleged to be the value of the property taken. The value of the property was therefore a necessary element of plaintiff's damages. The defendant admitted plaintiff's former ownership of the property, but pleaded that plaintiff's rights had been extinguished by a foreclosure under the power of sale of a valid chattel mortgage on the property held by the defendant. The burden of proving a valid lien and a foreclosure of it rested on the defendant. The plaintiff was entitled to recover, as damages, the value of the property, unless defendant established the defense pleaded. If there was no valid foreclosure but a valid mortgage, the plaintiff would recover the difference between the value of the property and the amount due on plaintiff's lien. Lovejoy v. Bank, 5 N. D. 623, 67 N. W. 956. If there was no valid lien the plaintiff would recover the value of the property as damages. Cobbey on Replevin, section 1352; Shinn on Replevin, section 829; Pearl v. Garlock, 1 Mich. 419, 28 N. W. 155, 1 Am. St. Rep. 603.

The judgment is reversed, and the cause remanded for further proceedings according to law. All concur.