Admr. of Pike *v.* Morey.

ADMINISTRATOR OF NEWHALL PIKE *v.* GEORGE A. MOREY.

*Trover. Parol contract for sale of land.*

A purchaser of land under a verbal contract, who has made a partial payment therefor under such contract, and has entered into possession by the consent of the vendor, has such an equitable interest in the land, that he may lawfully sever timber from the freehold or peel bark from the trees thereon; and such timber and bark, when so severed from the freehold, becomes in law the property of the purchaser, and is subject to attachment and execution at the suit of his creditors.

TROVER for a quantity of hemlock bark. Plea, the general issue and trial by jury, at the June Term, 1858,—BARRETT, J. presiding.

On trial the plaintiff offered to prove that in May, 1855, Benjamin Comings made a verbal contract with the defendant for the purchase of a wood lot in Fairlee, to the effect that Comings was to pay three hundred and fifty dollars therefor, fifty dollars to be paid upon the receipt of a deed of the lot from the defendant, and the balance of the purchase money to be specified in two equal notes signed by Comings and payable in one and two years

respectively from the first day of the following April, which two notes were to be secured by a mortgage of the same land from Comings back to the defendant; that by the terms of said purchase the defendant was by a specified time to deposit with the town clerk of Fairlee a warrantee deed of the lot, which Comings would be entitled to receive in case he should, within a specified time, deposit with the town clerk for the defendant the fifty dollars, the two notes and the mortgage, above described; that immediately after this contract was made Comings took possession of the lot, cut timber, and peeled and piled thereon the bark in controversy, before the 23d of June, 1855, and with the defendant's knowledge and consent, having first, however, deposited with the town clerk fifty dollars and the notes and mortgage, in strict accordance with the terms of the verbal contract for the purchase of the lot above set forth, but that the defendant never deposited any deed of the lot with the town clerk, nor gave any notice to Comings of any intention on his part to rescind this contract; that on the 20th of November, 1855, the plaintiff's intestate caused the bark in controversy, then lying on the lot in question, to be attached in a suit in his favor against Comings, and subsequently purchased the same at sheriff's sale on an execution duly issued upon a judgment duly rendered in his favor against Comings in that suit; that after this execution sale to the plaintiff's intestate, the defendant entered upon the lot and took and carried away the bark.

, The county court excluded this evidence, and, none other being offered by the plaintiff, directed a verdict for the defendant, to which the plaintiff excepted.

*Chas. C. Dewey,* for the plaintiff.

*Ormsby & Farnham,* for the defendant.

BENNETT, J. The plaintiff, as the administrator of Pike, claims title to the bark in question under a levy and sale on execution against Benjamin Comings; and the question is, did the bark belong to the defendant, or was it the property of Benjamin Comings?

It seems the defendant was the owner of a lot of land, and that he sold it to Comings by a verbal contract, and that Comings advanced for the use of the defendant a part of the purchase money, and went into possession under an express agreement of the parties, and while in such possession, under the contract of purchase and by the consent of the defendant, he cut, peeled and piled up the bark in question upon the land he had purchased; and the question is, was the bark his, or was it the defendant's?

A parol contract for the sale of lands is not *void* by the statute, but the statute simply declares that no action shall be maintained on such a contract.

But if it has been in part executed, in equity it is taken out of the statute, and its performance may be enforced in a court of equity.

In this case, Comings, having gone into possession under his contract, and having deposited the fifty dollars with the town clerk, and also his notes and mortgage to secure the balance of the purchase money, according to the terms of the agreement, had the right to compel a conveyance from the defendant in a court of equity.

When Comings cut down the trees and peeled the bark he was the equitable owner of the land, and cut the timber in his own right, and was guilty of no trespass against the defendant.

When the bark was severed from the freehold it became personalty, and it being rightfully severed the legal title to the bark would vest in Comings, although he was only seized of the fee of the lands in equity; *Yale* v. *Seely* 12 Vt. 221.

No question is raised in argument but what the attachment and sale of the bark under the execution against Comings was regular, so as to vest the property in Pike, the intestate; provided Comings was the owner of it at the time of the attachment and sale, and we are not aware that any could be raised.

Judgment reversed, and cause remanded.