## COUNTY OF BENNINGTON,

AT THE

## FEBRUARY TERM, 1881.

PRESENT:

Hon. HOMER E. ROYCE,
Hon. JONATHAN ROSS,
Hon. H. HENRY POWERS, } Assistant Judges.
Hon. RUSSELL S. TAFT,

---

FRANCIS A. CADY AND ANOTHER, AS ASSIGNEES IN BANK-
RUPTCY OF PETER DOOLEY, *v.* WILLIAM H. SANFORD,
WILFRED H. MATSON AND SILAS MASON.*

*Liability of Directors under No. 6 of Acts of 1870; Liable
only for Debts, not Damages,—of the Company. Growing
Trees, title to, passes only by Deed. Personal Actions
given by Statute are Transitory.
Damages. Pleadings.*

1. Under the Acts of 1870, No. 6, ss. 14, 20, (R. L. ss. 3278, 3279,) the directors of a
   private corporation are *only* liable for the *debts contracted during the time of
   not complying with the statute* as to publishing the articles of association, &c.,
   in a newspaper— ; and, hence, they are not liable in *damages* because the com-
   pany did not *fulfill its contract.*
2. The title to *standing timber* does not pass *except by deed;* so, when the company
   agreed in *writing, not under seal,* to cut and remove 250,000 feet of timber each

---

* Heard at the February Term, 1880.

Cady v. Sanford.

year for five years, the title only vested in the company so fast as the timber was severed from the land; and no *absolute debt* was created by the contract.

3. The liability of the directors is only collateral to the liability of the company, for the *timber severed and removed;* and such liability ceases when that of the company ceases.

4. But in establishing the liability of the company for the unsevered timber, the measure of damage is the difference between the contract price and the value of the timber at the time of the breach of the contract.

5. A personal action given by statute is transitory, and may be brought in another State ; hence the records of the two judgments in Massachusetts against the company were admissible evidence, as having established the liability of the company; and thereby the liability of the defendants.

6. The judgment in favor of defendant S. is pleadable in bar.

7. The plea in this case is defective; because it alleges that the action in Massachusetts was assumpsit, when it is apparent that no such action could be maintained.

8. Assignees stand upon the right of the bankrupt, and may be opposed by the same defenses as if the suit were in his name.

9. Acts of 1870, No. 6, ss. 14, 20, (R. L. ss. 3278, 3279,) liability of directors of private corporations, construed.

CASE tried at the December Term, 1879. Trial by jury, VEAZEY, J., presiding. The facts are sufficiently stated in the opinion of the court, except the following.

It appeared that said Dooley, before going into bankruptcy, had sued said corporation twice upon said contract, in the Superior Court, in Berkshire County, Massachusetts, on the     day of     187  , and on the     day of     187  , and had recovered two judgments respectively of $339.46, and of one dollar, damages, which sums the corporation had paid, and which the plaintiffs conceded should properly be deducted from the amount due under the said contract ; and the jury found specially that all the timber actually taken under said contract had been paid for.

The defendants offered in evidence, solely as a bar to the action, copies of records of judgments of said Superior Court, the same not being objected to as evidence except for the purposes claimed by the defendants, and being offered solely for the purposes claimed. The defendants claimed that these judgments conclusively determined that all which had become due under said contract to the bankrupt at the time of bringing this action had been paid by said corporation.

The defendant Sanford claimed in respect to his said judgment that the bankrupt had but one right of action under section 20 of

said statute, and had exhausted his remedy by his action in Massachusetts.

*Gardner & Harmon,* for the plaintiffs.

1. The action is properly brought against three of the directors. *McGregor* v. *Balch,* 17 Vt. 562; *Needham* v. *Heath,* Ib. 225; Gould's Plead. c. 4, ss. 66, 74, 117.

2. The plea was properly adjudged insufficient. Act of 1870, No. 6, s. 20; *Newman, Tr.* v. *Waite,* 43 Vt. 582; *Brackett* v. *Hoitt,* 20 N. H. 260.

3. The cause of action was created by, and enforceable solely under, the statutes of Vermont, such a cause of action cannot be enforced in Massachusetts. *Halsey* v. *McLean,* 12 Allen, 438; *Bank of Plymouth* v. *Price,* 33 Md. 487; s. c. 3 Am. Rep. 204; *Judge of Probate* v. *Hibbard,* 44 Vt. 597.

4. There was no vendor's lien, and no condition precedent to the passage of the title. *Hutchins* v. *Gilchrist,* 23 Vt. 82; *Fitch* v. *Burke,* 38 Vt. 683; *Richmond, I. W.,* v. *Woodruff,* 8 Gray, (451).

5. The liability of the president and directors is for all debts of the corporation *contracted,* not due, nor payable, nor becoming dishonored, during the period of their neglect to comply with the provisions of section 14. See *Moss* v. *Oakley,* 2 Hill, 265; *Bond* v. *Clark,* 6 Allen, 361; *Byers* v. *Franklin Coal Co.,* 106 Mass. 131.

*Tarrant Sibley* and *A. Potter,* for defendants.

1. All the directors should have been joined. *Knowlton* v. *Ackley,* 8 Cush. 97.

2. The *copy* of the contract should have been excluded.

3. The court erred in excluding the copies of record of the Massachusetts judgments. *Gray* v. *Pingrey,* 17 Vt. 419; *Perkins* v. *Walker,* 19 Vt. 144; 13 ed. G. on Ev. 1 vol. s. 531.

4. The liabilities of the company and the directors being so inter-dependent, the records of the judgments should have been admitted. *Emery* v. *Fowler,* 39 Me. 326; *Spencer* v. *Dearth,* 43 Vt. 110; *Elliott* v. *Hayden,* 104 Mass. 180.

5. Dooley could not have as many days in court as there were directors. There was but a single cause of action, and this was exhausted by the Massachusetts judgment. *Spencer* v. *Dearth*, 43 Vt. 98.

6. These damages would not be the contract price of the timber the company agreed to take, but the difference between that sum and its value at the time it should have been taken by the contract. *Danforth* v. *Walker*, 37 Vt. 239 ; *Collins* v. *Delaport*, 115 Mass. 159 ; *Old Colony R. R. Corp.* v. *Evans*, 6 Gray, 25. The action is highly penal. *Garrison* v. *Howe*, 17 N. Y. 458 ; *Halsey* v. *McLean*, 12 All. 438 ;—and the ruling asked for on this point should have been given. *Brooks* v. *Clayes*, 10 Vt. 37 ; *Town of Barnet* v. *Ray*, 33 Vt. 205.

The opinion of the court was delivered by

Ross, J. The plaintiffs are the assignees in bankruptcy of Peter Dooley. As such, as against these defendants, they stand upon the rights of the bankrupt, and are affected by the same defences which would avail the defendants if the suit were brought in the name of the bankrupt. They seek to hold the defendants for what they allege to be debts of the Vermont Lumber and Coal Company, a corporation organized under No. 6 of the Acts of 1870, and of which corporation the defendants were directors in November and December, 1871, when the alleged debts are claimed to have been contracted. By section 14 of the act, it is made the duty of the president and directors of the corporations organized under the act, before commencing business, to cause the articles of association to be published in some newspaper published in the county where the corporation is located, and to make a certificate of the purposes for which the corporation is formed, the amount of the capital stock, the amount paid in, and the number of shares, signed by the president and a majority of the directors, and verified by their oath, and deposit it in the town clerk's office in the town where the corporation is located, for record. Section 20 provides, that if the president and directors of such corporation shall neglect or refuse to comply with the provisions of section 14, they shall be personally liable, in an

action on the statute, for all debts of such corporation contracted during the period of such neglect or refusal. The Vermont Lumber and Coal Company was organized under the provisions of this act November 18, 1871. The articles of association were not published until December 21, 1871, and the certificate was not deposited in the town clerk's office until December 13, 1871. It is claimed that by a contract with Peter Dooley December 5, 1871, the company not only commenced business but contracted a debt which the company has not fully paid, and for the payment of which by force of section 20 the defendants are liable to the plaintiffs as such assignees. Several exceptions were taken by the defendants in the course of the trial in the County Court. We shall notice only the more important ones. December 5, 1871, Peter Dooley entered into a contract with the Vermont Lumber and Coal Company by which he sold them the spruce timber standing on certain lots of land in Woodford, in the county of Bennington, giving the company five years in which to remove the timber. The company agreed to cut and remove at least 250,000 feet each year, and to remove all within the five years. The contract is in writing, and signed by the parties; but is not under seal nor acknowledged, nor witnessed as is required to convey real estate. It did not operate to convey the timber growing upon the lots mentioned. Until severed the trees were a part of the real estate, and to convey and vest the title to them in the company a deed was necessary. The contract only operated as a license to the company to enter upon the lots of land named and remove the timber during the time named. *Yale* v. *Seeley*, 15 Vt. 221; *Buck* v. *Picknell*, 27 Vt. 157; *Pike* v. *Morey*, 32 Vt. 37; *French* v. *Freeman*, 43 Vt. 93. The contract when made was wholly executory. The title to the timber vested in the company only so fast as severed from the land. (See the authorities just cited.) Hence no absolute debt was created from the company to Dooley by the contract alone. As fast as the timber was severed from the land by the agents of the company, the title to it became vested in the company; and by force of the stipulations in the contract the company became indebted to Peter Dooley for the timber thus severed. The time at which the com-

pany contracted the indebtedness for the timber thus severed, would relate back to, and be the time of, making the contract. As the title to the timber, so long as it remained in the tree, unsevered from the land, did not by the contract vest in the company, the price, contracted by the company to be paid for such standing timber, did not become a debt by force of the contract due and enforceable, *in presenti* or *in futuro* from the company to Peter Dooley. Unless the company executed the license given by the contract, entered upon the land as it agreed to do, and severed and removed the timber therefrom, no debt thereby was created from the company to Peter Dooley. For the failure of the company to perform its agreement, enter upon the land and remove the timber within the time and as prescribed by the contract, an action on the contract for damages would lie in favor of Peter Dooley, or his assignees in bankruptcy; but such damages would not be measured necessarily by the price which the company contracted to pay for the timber, but by the difference between such price and the value of the timber standing upon the land, at the time of the breach of the contract by the company. For the timber severed from the land by the company under the contract, an indebtedness arose by the terms of the contract, as of the time of making the contract, for which the president and directors of the company, by force of section 20 of the act of 1870, were liable to Peter Dooley or the plaintiffs, as his assignees in bankruptcy. But their liability therefor was wholly statutory, collateral to that of the company, neither greater nor less in amount than the liability of the company, and exactly measured by the liability of the company. If therefore the company at the time of bringing this suit was indebted to the plaintiffs, as such assignees, for timber severed from the land by the company under the contract, they can maintain this action against the president and directors of the company therefor. But they can do this only by force of the statute, and not by force of the contract. The statute does not render the president and directors of the company liable for the fulfilment of all contracts entered into by the company, but only for the debts contracted by it, during the time they fail to comply with section 14 of the act. The damages, for

which the company may be liable to Peter Dooley, or to the plaintiffs as his assignees in bankruptcy, for its non-fulfilment of the contract, the plaintiffs cannot recover of the defendants in this action ; because the statute has not made them liable therefor, and it is by force of the statute alone that their liability exists.   These views render it apparent that the County Court were in error in the rule of damages adopted by it, and in its refusal to comply with the defendants' request on this subject.   We think that the County Court was also in error in not receiving the two judgments in Massachusetts in favor of Peter Dooley against the company for the purpose and in the manner for, and in which they were offered by the defendants.   The defendants' liability is, under the statute, collateral to, and measured by, that of the company.   The plaintiffs, by their declaration took upon themselves the burden of showing that at the time they brought this suit there was a subsisting debt against the company, in their favor under the contract, for which, by force of the statute, the defendants were liable to them.   The defendants under the general issue could show that no such debt subsisted at the time this suit was brought ; that, if a debt had at one time existed in favor of Peter Dooley against the company, for which, by the statute, they were made collaterally liable, it had before the commencement of this suit ceased to exist ; or that what the plaintiffs claimed to be such a debt had, before that time, been adjudged, in an action in favor of Dooley against the company not to be a debt against the company. Such judgments could not be pleaded by the defendants as a technical bar or estoppel, in this suit, because they were not parties to those suits.   They are effective rather to meet the issue raised by the plaintiffs' declaration, and to show that no debt in favor of the plaintiffs subsisted against the company at the time they brought their suit for which the statute made the defendants collaterally liable.   The fact that these judgments were not between the parties to this action, did not render them ineffectual, or inadmissible, as bearing upon the liability of the defendants, which by statute is made to be collateral to the liability of the company. *Spencer et al.* v. *Dearth*, 43 Vt. 98 ; *Emery* v. *Fowler*, 39 Me. 326.   The record of the first judgment in favor of Dooley

against the company in Massachusetts, shows that whatever had been recovered in that suit for the breaches of the contract and indebtedness under it, set forth in the declaration, had been paid ; and the record in the second suit, shows that the court adjudged that the failure of the company to remove from the land the amount of timber agreed, by the contract to be removed during the third year, did not create a debt against the company for the contract price of such timber, but only rendered the company liable for damages for its breach of the contract in this respect. By the latter judgment judicial construction was placed upon the contract, and it was adjudicated that the contract in and of itself did not create a debt against the company in favor of Dooley, and that the failure of the company to sever and remove 250,000 feet of timber per year from the lots named, was simply a breach of the contract for which damages alone were recoverable. This adjudication determined the legal character as between Dooley and the company, not only, of the breach of the contract for that particular year, but also of other breaches of the same provision of the contract for future years. Inasmuch as the liability of the defendants was simply collateral to that of the company, any adjudication which determined the extent and character of the liability of the company on the contract to Dooley or his assignees in bankruptcy, also determined and measured the liability of the defendants therefor under the statute. Hence we think the records of these judgments should have been received for the purpose for which they were offered by the defendants. The same considerations apply to the admissibility and effect to be given to the record of judgment in favor of defendant Sanford, in the suit brought against him in Massachusetts, on his liability by force of the statute. It is suggested that the court in Massachusetts had no jurisdiction to enforce a liability arising under a statute of Vermont, and that the judgment in favor of Sanford was there rendered, probably because the court had no jurisdiction of the cause of action. No such fact appears from the record. It is not apparent that the courts of another State would not have jurisdiction to enforce a liability created by the statutes of this State for the fulfilment of contracts or payment of debts. At

common law personal actions, whether *ex contractu* or *ex delicto*, are transitory, may be brought anywhere, and are governed by the *lex fori*. Story on Confl. of Laws, 307, *a, e*. This subject has been under consideration recently by the New York Court of Appeals in *Leonard* v. *Columbia Steam Navigation Co.*, 11 Reporter, 505, (April 13, 1881) ; and it is there held on a review of the authorities, that such liabilities are enforceable in any State, unless there is some statute prohibiting the maintenance of the action. More recently,—March 28, 1881—the same doctrine is announced by the Supreme Court of the United States, in *Dennick* v. *Central Railroad Co. of New Jersey*, 11 Reporter, 521. This case is distinguishable from *Judge of Probate* v. *Hibbard*, 44 Vt. 597, and all that class of cases. Hence, we see no reason why the court of Massachusetts did not have jurisdiction of the cause of action against defendant Sanford, and why the record of that judgment was not a legal bar to this action against Sanford. There may be, and probably is, difficulty in admitting this testimony under the general issue, inasmuch as that judgment was, so far as defendant Sanford was concerned, substantially between the same parties, and ought to be pleaded in bar, as the plaintiffs are but the legal representatives of Dooley in this action. The plea in bar by defendant Sanford is defective, and properly adjudged insufficient on demurrer. It alleges that the action in Massachusetts was assumpsit. It is apparent that no such action could be maintained against the defendant Sanford. He was not a party to, or liable upon the contract, but made liable collaterally for the debts of the company by force of the statute. The action is upon the statute and not upon the contract. Without enlarging upon this branch of the case, as it becomes immaterial under the prior holdings, the judgment of the County Court is reversed, and cause remanded.