———————<o>———————

S. L. GRIFFITH *v.* E. T. ABBOTT AND J. C. BAKER.

[In Chancery.]

Specific Performance. *Compelled to deed.* The orator by verbal contract purchased the wild land in question, entered into possession, built roads and shanties for choppers, and took off a quantity of the lumber. Defendant B. as the agent and attorney of the defendant A., and by his direction, brought suit on a note held by A. against the former owner, and acquired the title in his own name, by attachment and levy, with the understanding of all parties that the land was to be conveyed to the orator, if not redeemed. It was not redeemed, and the orator paid B. according to the contract. A deed was made, but was not witnessed,

nor acknowledged, nor delivered, but was expected to be in a short time. A bill having been brought to compel the defendant to deed. *Held*, that there was such a part performance as takes the contract out of the operation of the Statute of Frauds.

BILL in Chancery. Heard on the report of a special master, September Term, 1882, Rutland County. VEAZEY, Chancellor, decreed that defendant Baker should convey by quit claim deed the land in question to the orator. The bill was brought to compel the defendant Baker to deed certain wild lands in Mount Tabor to the orator. The master found in substance :

That the orator, Geo. C. Winchester and Charles Winchester owned certain wild lands, each an undivided third ; that the defendant Abbott owned a note executed by said Geo. C.; that the defendant attempted to sell the note to the orator, but the orator declined to buy it, giving as a reason, that he did not want to bring a suit in his own name against Winchester.

"And I find that as a result of said further conversation and negotiations, it was then and there agreed between Abbott and Griffith, that Abbott should go to Rutland and see Joel C. Baker, Esq., the then attorney of Griffith, and leave the note with said Baker; that Griffith should at once make examination of the record of Winchester's title to said land, and if he found said title satisfactory, he should go to Rutland and see Baker and direct him to bring suit upon the note in the name of Baker, against Winchester, and attach his interest in the land, obtain judgment in said suit as soon as he could, and proceed to set off the interest of Winchester in said lands upon execution to be issued upon said judgment; and if the land was not redeemed from said attachment or levy, and the interest or title of Winchester in the land should pass to and vest in Baker, under and by virtue of said proposed attachment, levy and set off, it was agreed that Baker should convey the title and interest in said land, so by him obtained, to Griffith, upon receiving from him (Griffith) for said Abbott, the amount of such judgment, including interest, costs of suit, levy and set off.

I further find that acting upon said agreement, he, Abbott, went to Rutland, saw Baker, made known to him in whole or in part, the arrangement between him and Griffith as to said note and the interest of Winchester in said land, endorsed said note without recourse in blank, and delivered it to and left it with him and said Baker. I further find that immediately after said

negotiations were had and said agreement was entered into, Griffith made examination of said records and found the same to show satifactory title of said one-third interest of said tract of land to be in Winchester; and within a very short time thereafter he went to Rutland, saw Baker, stated to him what the arrangement and agreement was between him and Abbott as to said note and land, and directed suit to be brought on said note; and suit was thereupon commenced in the name of Baker, based upon said note, and thereafterwards prosecuted to final judgment, under the direction of said Griffith."

Execution was issued in favor of Baker, and a levy duly made.

\*      \*      \*      \*      \*      \*      \*

"Said land was not redeemed from said levy and set-off, and after the time of redemption had elapsed, said Baker informed said Griffith of that fact, and that he was ready to convey said land to him upon receipt of the money. And on the 10th day of October, 1881, Griffith went to Rutland, saw Baker and paid him the amount he claimed under said arrangement and agreement, to wit; the sum of $1,092.45, and at this time said Baker submitted to said Griffith a quit-claim deed from him to Griffith of said lands which he (Baker) had drafted, which was satisfactory to said Griffith. At this time said Griffith was in haste to leave Rutland, he then being on his way to Boston, and there was no one present to witness the deed, so it was arranged that said Baker should at his convenience execute said deed and forward it to said Griffith. At the same time Griffith informed Baker that he wanted his deed of said land as he wanted to set his help to work lumbering on said land . and Baker told him to go ahead, and go to work; it would make no difference that he did not have deed. And in accordance with this arrangement Griffith entered upon said lands and cut and took off timber therefrom to a greater or less extent; and so continued up to about the time of bringing this action.

The said Baker, without any apparent cause, delayed completing the deed for several days; and before the same was completed the defendant Abbott came to Rutland, saw Baker, and learned from him the then situation of the aforesaid matters; and Baker then offered to pay him the amount of said note, but he (Abbott) refused to accept the money, and forbade Baker executing or delivering the deed to Griffith, and demanded of Baker a deed of the land to himself, claiming that he did not make any such arrangement or agreement with Griffith, as was claimed by Griffith, and that Griffith was not entitled to a deed of the land; and

thereupon Baker notified Griffith of what Abbott claimed, of his refusal to accept the money, and his position and demands and notice aforesaid; and soon after this Baker saw Griffith, and offered to pay the money back, but Griffith refused to accept it, and demanded his deed. Baker declined to deliver deed to Griffith, and the matter has since remained in that condition. Baker has the money, and the title to said land now rests in him." * * * " After the set-off and before the six months months allowed for redemption had expired, Griffith relying on his parol contract with Abbott and Baker, bought adjacent lands, and built roads, and shanties for choppers to live in."

*Joel C. Baker*, for the defendant.

Baker has no interest in the land, and claims none. He was merely the agent and attorney of defendant Abbott; and could not, and did not, bind him by contract; nor by accepting the money of the orator. The relation of attorney and client is one of trust and confidence, requiring the utmost fidelity. Weeks Att. at Law, 443; *Yardly* v. *Ellill*, Hob. 8, a; 1 Perry Trusts, s. 202. Baker held the title in trust for Abbott. *Giddings* v. *Eastman*, 5 Paige, 561; *Davis* v. *Smith*, 43 Vt. 269. He could not sell it without express authority. *Wheeler* v. *Willard*, 44 Vt. 640; *Childs* v. *Eureka Works*, 44 N. H. 354. He could not assign or sell the judgment. 47 Pa. St. 214; 5 Vt. 346; 58 Pa. St. 196; 10 Vt. 471. Had no power to compromise. 15 Vt. 314; 55 Mo. 405; 39 Md. 485; 21 Conn. 245. It was a parol contract for the sale of real estate. The Statute of Frauds is a defence. 19 Ind. 347; *Hibbard* v. *Whitney*, 13 Vt. 21; *Buck* v. *Pickwell*, 27 Vt. 157; *Dowling* v. *McKenney*, 124 Mass. 478; *Ballard* v. *Bond*, 32 Vt. 355; *Whitcher* v. *Morey*, 39 Vt. 459; *Davis* v. *Farr*, 26 Vt. 592; *King* v. *Smith*, 33 Vt. 22. Payment did not enlarge the rights of the orator. *Cobb* v. *Hall*, 33 Vt. 233; *Jellison* v. *Jordon*, 68 Me. 373; *Cook* v. *Daggett*, 2 Allen, 439. The contract would seem to be obnoxious to the statute: R. L. s. 981, as it could not be performed within one year. It was made September 10, 1879; the writ could not be entered in court till March 9, 1880, and then six

months to redeem. 1 Vt. 69; 10 Vt. 338; 11 Vt. 428; 41 Vt. 541; 28 Vt. 34; 50 Vt. 626.

*Prout & Walker*, for the orator.

There has been such a part performance of the contract as entitles the orator to its specific execution. There has been a payment and change of possession. Browne Statute Frauds, ss. 465, 467; *Sutton v. Sutton*, 13 Vt. 71; *Eaton* v. *Whitaker*, 18 Conn. 222; *Lacon* v. *Mertins*, 3 Atk. 1; *Pike* v. *Morey*, 32 Vt. 37; *Stark* v. *Wilder*, 36 Vt. 752; Fry Spec. Perf. 247, 251, 258; *Croker* v. *Higgins*, 7 Conn. 342; 1 De G. & J. 32; 1 Story Eq. J. ss. 761, 763; Anson Con. 57; *Rhodes* v. *Rhodes*, 3 Sand. Ch. 284; *Nunn* v. *Tobin*, 1 L. R. Ch. App. Cas. 34; *Noyes* v. *Moor*, 1 Root. 142; *Malins* v. *Brown*, 4 Conn. 403.

The opinion of the court was delivered by

Ross, J. This is a bill to compel a specific performance of a contract, not in writing for the conveyance of land. The facts are fully set forth in the master's report. The defendants rely upon that provision of the Statute of Frauds which denies a right of action upon a contract for the sale of an interest in land, which is not in writing and signed by the party to be charged. The orator claims that the contract was for the sale of the note which was sued in the name of the defendant Baker and the land in question, set off upon the execution issued on the judgment obtained in that suit. He contends that the contract was for a then present sale of the note contingent upon its payment being merged in the land in question with the title in Baker for him. The defendant contends that the contract was for the sale of the land, and not that of the note upon contingency. Although considerable might be said in favor of the orator's contention upon this branch of the case, without deciding the same, and assuming for present purposes that the contract was for the sale of the land, and within the operation of the provision of the Statute of Frauds set up in the answer, we think that the facts found by the master show such a part performance of the con

tract by both parties, as takes the contract out of the operation of the Statute and entitles the orator to a decree in his favor. The defendant Abbott had, by endorsing the note to Baker and directing him to bring the suit, set off the land on the execution that might be issued on the judgment that should be obtained, and if the title to the land vested in Baker under the set-off, to deed the same to the orator, on receipt of the agreed price therefor, performed all he personally was to do under the contract. The defendant Baker as his agent, had also performed in all respects, even to receiving the money from the orator, except having his deed conveying the land to the orator witnessed, acknowledged and delivered. The orator had fully performed the contract on his part, and under the direction of Baker, acting within the scope of his authority from defendant Abbott, had taken possession of the land, and done such acts thereon, that he would either be a trespasser, or liable to an action of account as tenant in common of the lands set off and in such accounting might not be able to avail himself of all his expenditures on the land. By all the authorities such a performance takes the contract from the operation of the provision of the Statute for the prevention of frauds relied upon, and entitles the orator to a decree in his favor. *Pike* v. *Morey*, 32 Vt. 37; *Stark* v. *Wilder*, 36 Vt. 752.

The case last above cited very clearly states what is required by way of part performance of a parol contract for the purchase of land to take such contract out of the operation of the Statute of Frauds, and to entitle the purchaser, in possession, to a decree for a specific performance of the contract. It is full authority for sustaining the decree of the Court of Chancery in this case. The decree is affirmed, and the cause remanded.