# J. L. HOLMES AND MARY HOLMES, HIS WIFE, *v.* JOHN CADEN AND C. CARROLL, ADMINISTRA- TORS OF THOMAS CADEN, AND H. O. ED- SON, ASSIGNEE OF JOHN CADEN.

## [In Chancery.]

*Statute of Frauds. Specific Performance. Assignee. Admin- istrator. Surviving Partner. Insolvent Law. Notice. Put on Inquiry.*

1. SPECIFIC PERFORMANCE—COMPELLED TO DEED. The oratrix entered into a parol contract for the conveyance of a house. She paid for it and occupied the tene- ment in the upper story, without rent, for more than four years; and also agreed with the original owners to collect the rent for her of the lower tenement. The contract was made with one of two partners, one of whom is now dead, and the other insolvent; but the contract was made known to the other partner, who did not object to it. A bill having been brought against the assignee and ad- ministrator; *Held,* that the case was not within the Statute of Frauds; that the oratrix was entitled to a decree for the conveyance of the premises, and an accounting for the rent.
2. The house did not pass to the assignee; it was not attachable by the creditors of the original owners, they holding the title in trust for the oratrix; and the fact that she was in possession was notice to the creditors, and put them on inquiry as to her rights.

BILL IN CHANCERY. Heard on bill, answer, and testi- mony, September Term, 1883, Rutland County, VEAZEY, Chancellor. Bill *pro forma* dismissed without hearing.

It appeared that John and Thomas Caden were partners; that Thomas had deceased, and that John Caden and Car- bury Carroll were the administrators of his estate; that John Caden was insolvent, and that H. O. Edson was assignee of the estate of said John, and of the firm of J. & T. Caden. The prayer of the bill was, that John Caden, surviving partner, and John Caden and said Carroll, administrators of Thomas Caden's estate, convey to the oratrix the house

in contention, and for an accounting.    By agreement said
Edson was made a party defendant.

*J. C. Baker*, for the orators.

The ownership of the house and lot was in the oratrix.
By the terms of the arrangement the property ought to have
been conveyed to her.    Equity regards this conveyance as
made; the oratrix, in this court, is looked upon as the owner
of the premises, and the party holding the legal title, as
holding it in trust for her.    "Equity looks upon that as
done which ought to be done."    "Equity looks at the in-
tent rather than to the form."    1 Pom. Eq. Juris. ss. 368,
378, 380; *Green* v. *Smith*, 1 Atk. 572; *Huffman* v. *Hummer*,
2 C. E. Green, 263; *King* v. *Ruckman*, 21 N. J. Eq. 599.    The
Statute of Frauds is not a defence.    The contract, payment
of the purchase money, possession of the upper tenement,
and collection of rent, take the case out of the operation of
the statute.    *Stark* v. *Wilder*, 36 Vt. 752; Browne St. Fr. ss.
437, 465; *Lowry* v. *Tew*, 3 Barb. Ch. 407; *Freeman* v. *Free-
man*, 43 N. Y. 34; *Miller* v. *Ball*, 64 N. Y. 286.    The case is
not affected by the insolvency proceedings.    The assignee
took only the rights of the debtor.    R. L. s. 1820; *Univer-
sity* v. *Joslyn*, 21 Vt. 52; *Stacy* v. *Bostwick*, 48 Vt. 192;
*Hackett* v. *Callender*, 32 Vt. 97; *Leslie* v. *Bank*, 33 Vt. 252;
*Briggs* v. *Parkman*, 2 Met. 258; *Clark* v. *Minott*, 4 Met. 346;
*Cook* v. *Tullis*, 18 Wall. 332; *Kelley* v. *Scott*, 49 N. Y. 595.

*Redington & Butler*, for the defendants.

The contract cannot be enforced; it is within the Statute
of Frauds.    *Ballard* v. *Bond*, 32 Vt. 355; *Hibbard* v. *Whit-
ing*, 13 Vt. 21; *Sherburne* v. *Fuller*, 5 Mass. 133; *Griswold* v.
*Messenger*, 6 Pick. 517; *Boyd* v. *Stone*, 11 Mass. 341; *Craw-
ford* v. *Merrill*, 8 Johns. 353; *Day* v. *Patrick*, 30 Vt. 516.

To justify the court in enforcing a performance of an oral
contract for the purchase of freehold on the ground that
transfer of possession is a part performance of such oral

contract, acts done in performance must be such as could have been done with no other view or design than to fulfil the particular contract sought to be enforced. 2 Add. Con. s. 511; *Frame* v. *Dawson*, 14 Ves. 388; *Clark* v. *Wright*, 1 Atk. 13; Story Eq. s. 771; *Pike's Adm'r* v. *Morey*, 39 Vt. 369; *Dyer* v. *Graves*, 37 Vt. 369. The contract should be clear, and confessed by the answer. Story Eq. ss. 754, 757. It should have been specific, formal, and made by both partners. *Dillon* v. *Brown*, 11 Gray, 179; *McDonald* v. *Eggleston*, 26 Vt. 154; 49 Miss. 569; 5 Wait Act. & Def. 133; 3 Barb. Ch. 175, 198. Specific performance cannot be enforced against the assignee without notice. Story Eq. s. 790; *Merrill* v. *Pease*, 51 Vt. 556; *Bingham* v. *Jordan*, 1 Allen, 373; 4 Met. 346, 537.

The opinion of the court was delivered by

Ross, J. The testimony establishes that J. & T. Caden agreed to give to the oratrix, Mary, the premises in contention in payment for her services for them for ten or eleven years; and that in part fulfilment of the contract they allowed her to take possession of the tenement in the upper story of the house, which she has occupied four or five years, without rent, and agreed to collect the rent for her of the lower tenement and account to her therefor. Although the immediate contract was made between the oratrix and Thomas Caden, it was made known by Thomas to his partner, John Caden, who did not object to the same; that, in fact, the contract was made in accordance with an earlier understanding to the same effect between John and the oratrix.

Hence, there is a parol contract for the conveyance of the premises to the oratrix, full payment therefor by her, and possession thereof by her, as owner, for more than four years. These facts take the case out of the operation of the Statute of Frauds, and entitle the oratrix to a decree for the conveyance of the premises and an accounting, in

accordance with the prayer of the bill against John & Thomas Caden. *Pike* v. *Morey*, 32 Vt. 37; *Stark* v. *Wilder*, 36 Vt. 752; *Griffith* v. *Abbott*, 56 Vt. 356.

But John Caden is now represented by an assignee in insolvency, and Thomas Caden's estate by an administrator. It is contended that John Caden took the premises on the death of Thomas as a surviving partner—the premises being partnership property—and that his assignee in insolvency therefore takes the whole interest. This is doubtless true. The assignee claims that, under the insolvent law of this State, he has the rights of an attaching creditor, and contends that, although the payment of contract price, and possession by the oratrix take the case out of the operation of the Statute of Frauds against John & Thomas Caden, a creditor could attach and hold it against the oratrix, and therefore he is entitled to hold it as assignee in insolvency of John Caden. It has been held at the present term in *The Collender Co.* v. *Marshall, post,* that an assignee in insolvency, under the present State insolvent laws, takes all the property of the insolvent which an attaching creditor has the right to attach and appropriate in satisfaction of his debt. But the possession of the premises by the oratrix long before, and at the time of the insolvency, was notice to his creditors and assignee of all the rights thereto, to which she was entitled by virtue of the contract, payment of the contract price, and possession. These facts, in regard to which a creditor was put upon inquiry by her possession, and which he would have learned by inquiry, rendered the premises as invulnerable to attachment and appropriation by such creditor, as they were, by John and Thomas Caden, or by a purchaser from them. After payment of the price and possession, John & Thomas Caden held the title to the premises, not as of their property, but in trust for the oratrix.

An attaching creditor of real estate, with notice actual or constructive of the true state of the debtor's title, stands in

no better position than a purchaser with the same notice. *Perrin* v. *Reed*, 35 Vt. 2; *Hackett* v. *Callender*, 32 Vt. 97; *Hart* v. *Farm. & Mech. Bank*, 33 Vt. 252.

A purchaser, with notice, can acquire no better title than his grantor has. Hence the oratrix has the same right to a decree against the assignee in insolvency which she had against John Caden as surviving partner of John & Thomas Caden.

The *pro forma* decree of the Court of Chancery is reversed and the cause remanded, with a mandate to enter a decree for the orators in accordance with the prayer of the bill.