ORLEANS COUNTY, MAY TERM, 1886.

[CONTINUED FROM PAGE 652.]

MALCOLM G. McLEOD v. THE CONN. & PASS. R. R. R. CO.

*Railroad. Actions, Local—Transitory. Cause of Action Accruing in Canada. Pleading. Foreign Law.*

1.  Actions, whether allowed by statute or common law, brought to recover for personal injuries, are transitory; thus, on demurrer, it appeared that the defendant company existed under the laws of this State and was operating a certain railroad in the Province of Quebec, *and it was held,* that the plaintiff could sustain an action against the defendant for personal injuries alleged to have been sustained by him in said province through the neglect of the defendant to comply with the statute law of that province.
2.  When a count attempts to declare upon the laws of a foreign country, it is fatally defective, unless those laws and also the facts are set forth so specifically, that the court can see that the defendant owed a duty to the plaintiff, and had fallen short of that duty, and thereby the plaintiff's injury resulted.

ACTION on the case to recover for injuries claimed to have resulted through the defendant's alleged neglect to properly maintain a railway crossing across a highway, in accordance with the provisions of the statute law of the Province of Quebec.

Heard on demurrer to two new counts, September Term, 1884, Ross, J., presiding. Demurrer overruled, and counts adjudged sufficient.

First count: "In a plea of the case" * * * "the Connecticut and Passumpsic Rivers Railroad Company were the managers and operators of a certain railway in the town of Stanstead, in the county of Stanstead, in the Province of Quebec, and Dominion of Canada, known as and called the ' Massawippi Valley Railway,' which last

named railway was duly chartered by the said Province of Quebec, and was duly constructed under said charter prior to the first day of January, A. D. 1883, and was on the 21st day of March, A. D. 1883, aforesaid, managed, operated, and run by the aforesaid Connecticut and Passumpsic Rivers Railroad Company.

"And the plaintiff avers that by the laws of the aforesaid Province of Quebec, which were in full force and effect on the 21st day of March, 1883, and which laws had been in full force and effect for a long time prior to said 21st day of March, A. D. 1883, it was and is provided among other things, that no part of a railway which crosses any highway in said Province of Quebec, without being carried over said railway by a bridge, or under said railway by a tunnel, shall rise above or sink below the level of the highway more than one inch, and the plaintiff avers that on the 21st day of March, A. D. 1883, aforesaid, the said Massawippi Valley Railway, which was then managed, operated, and run by the aforesaid Connecticut and Passumpsic Rivers Railroad Company, as aforesaid, did cross a highway in the town of Stanstead aforesaid, without being carried over the same by a bridge, or under the same by a tunnel, and that on the day and year last aforesaid, at Stanstead aforesaid, the aforesaid Massawippi Valley Railway where it crosses the aforesaid highway as aforesaid, did rise more than one inch above the level of said highway, and did then and there rise above the level of said highway two and one half inches.

"And the plaintiff avers that on the 21st day of March, A. D. 1883, aforesaid, at Stanstead aforesaid, the plaintiff was passing and driving along and over the said highway where the same is crossed by the aforesaid railway as aforesaid, with his horse and sleigh, riding in his aforesaid sleigh and driving said horse in a prudent and careful manner, and with proper and reasonable skill, and that while so driving along said highway and over said railway where the same crosses said highway as aforesaid, by reason of the said railway rising above the level of the said highway more than one inch as aforesaid, the plaintiff was violently thrown from and out of his said sleigh, out and upon the said railway and upon the ground; that the said horse was by means of the premises then greatly scared and fright-

ened and thereby then ran away with and overturned the said sleigh of the plaintiff, and that by means of which said several premises the plaintiff became and was greatly hurt, bruised, etc.; that the plaintiff by means of the premises became and was and still is greatly and permanently injured in his health, and lamed; and also by means of the premises the plaintiff was obliged to and did necessarily expend divers moneys.

"And the plaintiff avers that by the laws of the State of Vermont an action hath accrued to him, to have and recover from the defendant the aforesaid sums, damages, and his costs.

"And the said plaintiff declares against the said defendant in a further plea of the case for that heretofore, to wit: On, etc., the Connecticut and Passumpsic Rivers Railroad Company was a duly incorporated and organized company, under, and by virtue of the laws of the State of Vermont, and on the day and year last aforesaid, and for a long time prior thereto, the said Connecticut and Passumpsic Rivers Railroad Company were and had been the managers and operators of a certain railway in the town of Stanstead, etc., it was by the laws of said Province of Quebec, the duty of the said Connecticut and Passumpsic Rivers Railroad Company to keep the said Massawippi Valley Railway where the same crossed any and all public highways, and was not carried over the same by a bridge or under the same by a tunnel in the said town of Stanstead, in good and sufficient condition and repair, both in its construction and state of repairs, for the safe passage of persons, teams, and travel over and across the same at all such highway crossings aforesaid. And the plaintiff avers that on the day and year last aforesaid, the said Massawippi Valley Railway crossed a certain public highway in said Stanstead, between the villages of Beebe Plain and Stanstead Plain, and was not carried over the same by a bridge nor under the same by a tunnel.

"And the plaintiff avers that on the day and year last aforesaid at said Stanstead, the said Connecticut and Passumpsic Rivers Railroad Company not regarding its said duty in that behalf suffered the said Massawippi Valley Railway, where the same crossed the said public highway in said town of Stanstead, between the villages of Beebe

Plain and Stanstead Plain, in said town of Stanstead, as aforesaid, to be in an unsafe and bad condition and state of repairs, both as to its faulty construction, condition, and state of repairs.

"And the plaintiff avers that on the 21st day of March, A. D. 1883, aforesaid, he was passing and driving along and over the said highway, etc., and where said railway is not carried over said highway by a bridge nor under the same by a tunnel; and while so riding and driving along over and across said highway where the same was crossed by the said Massawippi Valley Railway, in said town of Stanstead, as aforesaid, he was by reason of the faulty and improper construction of said railway and the unsafe condition and want of repair thereof, at that place. violently thrown from and out of his said sleigh on to said railway and upon the ground, and thereby his said horse then and there became and was greatly frightened, and then and there ran away with and overturned the plaintiff's said sleigh, by reason of all which said several premises the plaintiff became and was greatly hurt, etc.; and thereby lost great gains and profits. which he might and otherwise would have made and acquired, and by means of said premises the plaintiff became and was and still is, greatly and permanently injured in his health.

"And the plaintiff avers that by virtue of the laws of the Province of Quebec aforesaid, an action hath accrued to him to have and recover from the said Connecticut and Passumpsic Rivers Railroad Company, the damages, costs, and expenses so occasioned to and sustained by him as aforesaid. All of which is to the damage of the said plaintiff ten thousand dollars.

"And the plaintiff avers that by virtue of the laws of the State of Vermont an action hath accrued to him to have and recover from the defendant the aforesaid sums, damages, and his costs."

*Edwards, Dickerman & Young,* for the defendant.

On principle as well as on authority, an action based upon municipal or internal police statutes of any country, must be instituted in the courts of the country that enacted the laws, whether the suit is to compel the execution of the pro-

visions of such statute, or to recover damages for neglect to perform a duty imposed upon the defendant by such statute.

When a cause of action could only have arisen in a particular place or country, it is local, and the venue must be laid therein. 1 Chit. Pl. *268; *Worster* v. *Winnepesaukee Lake Co.* 25 N. H. 525; *Butterfield, qui tam,* v. *Windle,* 4 East, 393; *Mayor of Berwick* v. *Ewart,* Wm. Bl. 1068; Saund. Pl. & Ev. *412.

An action for the breach of a custom or by-law of a town is local. Steph. N. P. *1181; Gould Pl. s. 107; Steph. Pl. 413; *White* v. *Sanborn,* 6 N. H. 220; *Clark* v. *Scudder,* 6 Gray, 122; *Mayor of Berwick* v. *Shanks,* 3 Bing. 459; *Warren* v. *Webb,* 1 Taunt. 379; *Doulson* v. *Matthews,* 4 Term, 500; *Hunt* v. *Pownal,* 9 Vt. 417.

Neither of the counts in this declaration is sufficient in form. A plaintiff who relies upon a foreign statute or law for a recovery, or a defendant who relies upon the same for a defence, must recite the foreign statute or law in full, so that the court can be informed of all its provisions and conditions, and whether on the whole statute and the facts alleged, the party is entitled to judgment. *Collet* v. *Lord Keith,* 2 Term, 260; 1 Chit. Pl. *216; Saund. Pl. & Ev. 525; Gould. Pl. s. 16; *Bush* v. *Curtis,* 4 Conn. 312; *Hampstead* v. *Reed,* 6 Conn. 480; *Herring* v. *Selding,* 2 Aik. 12; *Peck* v. *Hibbard,* 26 Vt. 698-706; Dic. Par. 60; *Pickering* v. *Fisk,* 6 Vt. 102.

*Crane & Alfred,* for the plaintiff.

The first new count sets out in *haec verba* the statute of the Province of Quebec, which directs in what manner railways, where they cross highways, and are not carried over by a bridge, or under by a tunnel, shall be constructed and maintained. It further alleges that the railway of the defendant was not constructed or maintained as is provided in said statute. That by reason of said railway not having

been constructed and maintained as is provided in said statute, the plaintiff was injured and suffered loss.

Actions for personal torts are transitory in their nature. *Herrick* v. *Minneapolis & St. L. R. R. Co.* 2 Am. & Eng. R. Cas. 256.

In the case at bar a right of action became fixed, and a legal liability was incurred under the Quebec statute, declared upon in this cause. The statute enters into the liability and forms a part of it. It impresses a character upon the liability and travels with it wherever it goes. 1 Chit. Pl. (16th Am. ed.) 282; *Smith* v. *Bull,* 17 Wend. 323; *McDonald* v. *Mallory,* 77 N. Y. 546; *McKenna* v. *Fisk,* 1 How. 241; *Chicago, St. L. & N. O. R. R. Co.* v. *Doyle* (Sup. Ct. Miss. 1882); 8 Am. & Eng. R. Cas. 171; *Glen* v. *Hodges,* 9 John. 67, 70; *Leonard* v. *Columbia Steam Nav. Co.* 84 N. Y. 48; see s. c. 1 Am. & Eng. R. Cas. 314; *Dennick* v. *Cent. R. R. Co. of N. J.* 103 U. S. 11; 1 Am. & Eng. R. Cas. 309; s. c. 2 Reporter, 521; *Cady* v. *Sanford,* 53 Vt. 632; *Whitford* v. *Panama R. R. Co.,* 23 N. Y. 465; *Pickering* v. *Fisk,* 6 Vt. 102; Story Conf. Laws, s. 38. The defendant is liable on common law principles, if we have no similar statute. Ross, J., in *Mann* v. *R. R. Co.* 55 Vt. 484; Rorer Int. St. L. 143, 154. If it is claimed that the statute merely imposes a duty on the railroad without giving a remedy to the person injured, the common law supplies one. *Chelsey* v. *Smith,* 1 N. H. 21; 2 Wait Act. & Def. 109; *Stokes* v. *Sanborn,* 45 N. H. 278; Buller N. P. 129; *Ewer* v. *Jones,* 6 Mod. 27; 1 Wait Act. & Def. 134.

The opinion of the court was delivered by

WALKER, J. By this action the plaintiff seeks to recover for personal injuiries alleged to have been sustained by him in the Province of Quebec, through the defendant's neglect to construct and maintain its railway, at the point where it crosses a public highway in Stanstead, in said

Province of Quebec, in accordance with the provisions of a certain statute law of said Province.

The defendants demur to the plaintiff's declaration, and insist, as one cause of demurrer, that the action is local and cannot be maintained in this State, but should have been brought in the Province of Quebec where the alleged negligence occurred and injuries were received.

The rules of distinction between local and transitory actions are well settled. Local actions are such as require the *venue* to be laid in the county in which the cause of action arose, for the reason that the cause of action could only have arisen in a particular county. These include, as a general proposition, all actions in which the subject, or thing in controversy, or thing sought to be recovered is, in its nature, local; such as actions of ejectment, and other actions brought to recover the seizin or possession of lands and tenements; also actions which do not directly seek the recovery of lands or tenements, but which arise out of a local subject, or the violation of some local right; such as trespass *quare clausum fregit;* trespass on the case for nuisances to real property; disturbance of right of way, obstruction or diversion of water courses, and so forth. The action of replevin is also usually held to be local because of the necessity of giving a local description to the thing taken.

Actions on penal statutes for penalties are also held to be local, but actions on a statute by the party aggrieved for injuries sustained are held to be transitory. Saund. Pl. & Ev. *412; Comyn's Dig. ; Action No. 1; Bacon's Abr. & Actions local, A. a.

Transitory actions are personal actions brought for the recovery of money or personal chattels, whether they sound in tort or contract. 1 Chit. Pl. 273. All actions *ex. delicto* to the person or to personal property in which a mere personalty is recoverable, are, as a general rule, by the common law, transitory in their nature, and the *venue* may be laid

in the county where the cause of action arose or where the plaintiff or defendant resides at the time of instituting the action, or in the county where service may be made upon the defendant, if he does not reside in the State.   Gould Pl. ch. 3, s. 112; Bull. N. P. 196.

The test as to whether an action is transitory or local is not, as a general proposition, the subject causing the injury but the object suffering the injury.

Transitory actions have their foundation in the supposed violation of rights which, in the contemplation of law, have no locality and for which the right to compensation is recognized by the laws of all countries, and rest upon the rule of international comity that every nation may rightfully exercise jurisdiction over all persons within its limits, in respect to matters purely personal.   Story Conf. Law, s. 542; *Herrick* v. *Minneapolis & St. L. R. R. Co.* 11 Am. & Eng. R. Cases.

From the decision of the case of *Rafael* v. *Verelst*, 2 Wm. Bl. 1055, the doctrine that personal injuries are transitory in their nature has never been questioned.

It is now well settled that the nature of the remedy and the jurisdiction of courts to enforce it is not dependent upon the question whether it is a statutory or common law right.

The question as to whether a person may be held liable in a personal action in any court to whose jurisdiction he can be subjected by personal process, where the right of action against him is dependent solely upon the statute of another State, was before the United States Supreme· Court in the case of *Dennick* v. *Central R. R. Co. of N. J.* 103 U. S. 11, in which Justice MILLER, in delivering the opinion of the court, says: " Wherever, by either the common law or the statute law of a State, a right of action has become fixed, and a legal liability incurred, that liability may be enforced and the right of action pursued in any court which has jurisdiction of such matters, and can obtain jurisdiction of the parties.

"We do not see how the fact that it was a statutory right can vary the principle. If the defendant was legally liable in New Jersey, he could not escape that liability by going to New York. If the liability to pay money was fixed by the law of the State where the transaction occurred, is it to be said it can be enforced nowhere else because it depended upon statute law and not upon common law? It would be a very dangerous doctrine to establish, that in all cases where the several states have substituted the statute for the common law, the liability can be enforced in no other State, but that where the statute was enacted and the transaction occurred."

The Supreme Court of this State in *Cady* v. *Sanford*, 53 Vt. 632, approved the doctrine that the nature of the remedy and jurisdiction of the courts to enforce it is not under the rule of international comity dependent upon the question whether it is a statutory right or a common law right.

In this case the action is not brought to recover a penalty or a forfeiture imposed for transgressing the provisions of the statute declared upon, nor to recover anything local in its nature; but for a personal injury alleged to have been sustained in the Province of Quebec by the party aggrieved, through the neglect of the defendant to comply with the provisions of the statute of the province; and upon general principles and the authority of the foregoing cases the action must be held to be transitory, and as properly brought in this State.

Although a civil right of action acquired or liability incurred in one state or country for a personal injury may be enforced in another to which the party in fault may have removed, or where he may be found, yet the right of action must exist under the laws of the place where the act was done or neglect accrued. If no cause or right of action for which redress may be had exists in the country where the personal injury was received, then there is no cause of action to travel with the person claimed to be in fault which

may be enforced in the State where he may be found. So the vital question upon the demurrer to the declaration on this case is whether it shows a right of action which became fixed and a legal liability incurred by the defendant in the Province of Quebec under the statute declared upon.

The gist of the action is the alleged negligence of the defendant in its failure to construct and maintain the railway crossing across the highway in question, in accordance with the provisions of the statute law of the Province of Quebec. To uphold the action upon demurrer it is essential that the declaration should set forth the foreign law relied upon as establishing the liability of the defendant to construct and maintain the crossing in a safe condition for persons and teams to pass over, and that it should allege in connection with the foreign law such a statement of facts as will show to the court that the defendant owed a duty to the plaintiff in respect to the safety of the crossing, and that the defendant had fallen short of its duty in that respect, and also that the plaintiff's injury resulted from such shortage of duty.

The first count of the declaration alleges that the defendant was operating the Massawippi Valley Railway, chartered under the laws of the Province of Quebec, and recites a certain statute law of the province which provides that " no part of a railway which crosses any highway in said Province of Quebec without being carried over said railway by a bridge, or under said railway by a tunnel, shall rise above or sink below the level of the highway more than one inch." It further alleges that this railway crossed a highway in Stanstead, in the Province of Quebec, without being carried over the same by a bridge, or under the same by a tunnel, and rose more than one inch above the level of said highway, to wit: $2\frac{1}{2}$ inches, and that the plaintiff, in driving along the highway over the railway crossing, was thrown from his sleigh and injured by reason of the railway rising at that point more than one inch above the level of the highway. We think this count is wanting in material

allegations, and therefore bad. A declaration in negligence under a foreign law for personal injuries occasioned through a breach of duty imposed by it is not analogous to a declaration under the old highway law making towns liable for injuries sustained through the insufficiency and want of repair of their highways. That law was a local one, imposing a duty, and declaring a liability for a breach of the duty, of which the courts of the State took judicial notice; and in declaring upon a right of action accrued under it, the pleader was not required to allege the law imposing the duty and liability. It was necessary to allege only generally the duty the town owed to the public in respect to the highway, and the facts that established the breach of duty under the law. Courts do not take judicial notice of foreign laws or laws of other states; and when a foreign law is relied upon as establishing a duty or right of action, it must be set forth in the declaration and proved as a fact. 1 Chit. Pl. 215; 2 East, 273; *Homes* v. *Broughton,* 10 Wend. 75; *Peck* v. *Hibbard,* 26 Vt. 698; *Hampstead* v. *Reed,* 6 Conn. 480.

In actions for negligence all the facts creating the duty must be set forth in the declaration, unless the duty is one imposed by a local law when a general allegation of duty is, doubtless, sufficient. 2 Ad. Torts, 1147; *Kennedy* v. *Morgan,* 57 Vt. 48. When a foreign law creates the duty, it becomes a traversable fact like any other fact creating a duty upon which the defendant has a right to go to the jury, and it must be alleged in the declaration.

The law of the Province of Quebec upon which the plaintiff relies as establishing his right of action in this count, so far as it is set forth therein, does not show a duty resting upon the defendant to construct and maintain the railway crossing in accordance with the provisions of the law. It does not appear from it upon whom the duty is placed.

There is no allegation in this count that the defendant

owed any duty to the public or the plaintiff in respect to the construction and maintenance of the crossing; nor does it contain any allegation of facts which raise any such duty on the part of the defendant to the plaintiff or the public, nor does it allege any breach or shortage of duty on the part of the defendant in respect to the construction and safety of the crossing. The allegations of the count do not show a right of action that became fixed, or any liability incurred under the statute in the Province of Quebec, and the count must be held to be fatally defective.

The second count alleges that it was the duty of the defendant under the laws of the Province of Quebec to keep the Massawippi Valley Railway where the same crossed public highways and was not carried over the same by a bridge, nor under the same by a tunnel, in the town of Stanstead, in good and sufficient condition for the safe passage of persons and teams and travel over and across the highway at such crossings, and that the railway crossing, in Stanstead, complained of, was not carried over the highway by a bridge, nor under the same by a tunnel, and that the defendant suffered the railway where it crossed the highway mentioned to be in an unsafe and bad condition and state of repair, and that the plaintiff while driving along and over the highway where it is crossed by the railway was, by reason of the faulty and improper construction of the railway and its unsafe condition and want of repair, thrown from his sleigh and injured, and that by virtue of the laws of the Province of Quebec an action hath accrued to him, and so forth.

We think this count attempts to declare upon the laws of the Province of Quebec. It alleges that it was the duty of the defendant under the laws of that province to maintain the railway crossing in question, which was not carried over the highway by a bridge nor under it by a tunnel, in a sufficient condition for the safe passage of persons and teams; and after averring a breach concludes with the alle-

gation that by virtue of the premises an action has accrued to the plaintiff under the laws of the Province of Quebec. It is apparent that the plaintiff relies upon the laws of the Province of Quebec as creating and establishing the duty; but the foreign law relied upon is not alleged and specially set forth in the count so that the court can see what duty, if any, is imposed by it upon the defendant in respect to the construction and safety of the railway crossing. Without setting forth the foreign law or any facts which raise the duty, the pleader alleges generally that it was the duty of the defendant to keep this crossing safe for the passage of persons and teams. This is simply the pleader's conclusion of the foreign law. The facts set forth in the count do not show it. It is not enough to state what the pleader deems to be the conclusion of the law as to the duty of the defendant. It is essential that the foreign law from which the alleged duty springs should be so fully set forth that the court may see that the duty is established. *Kennedy* v. *Morgan*, 57 Vt. 48; *Fay* v. *Kent*, 55 Vt. 557.

The facts alleged in this count, we think, do not show to the court that the defendant owed any duty to the plaintiff in respect to the railway crossing under the laws of the province; and as there can be no neglect of duty unless the duty is established the count must be held to be defective. It does not show a right of action accrued or a liability incurred in the Province of Quebec.

The judgment of the County Court is reversed, and judgment rendered that the demurrer is sustained and the declaration adjudged insufficient, and cause remanded to the County Court to be proceeded with, and with leave to the plaintiff to amend his declaration.