JOSHUA HULL, RESPONDENT, *v.* SAMUEL G. HULL AND CHARLES H. HULL, APPELLANTS.

CLAIM AND DELIVERY.—To support an action of claim and delivery, the property must be a personal chattel at the time of the taking, and not something which has been turned into a chattel by reason of having been separated from the freehold by the defendant.

IDEM—COMPLAINT—PLEADING.—If the property claimed be so mixed with other property that a delivery of the specific article can not be made, and the plaintiff fails to ask judgment for its value in case it can not be delivered, the action of claim and delivery can not be maintained.

APPEAL from the second judicial district, Ada county.

*Rosborough & Preston,* for the appellants.

*H. E. Prickett,* for the respondent.

WHITSON, J., delivered the opinion of the court. NOGGLE, C. J., and LEWIS, J., concurred.

The plaintiff and respondent commenced an action in the district court of Ada county, on the twentieth day of August, A. D. 1868, alleging in his complaint that he was the owner and in the possession of about seven thousand five hundred sheaves, containing five hundred bushels of wheat, of the value of six hundred dollars; and being so in possession, the defendant, on the seventeenth and eighteenth days

of August, A. D. 1868, in said county of Ada, without the plaintiff's consent, and wrongfully, took said property, goods, and chattels from the possession of the plaintiff, and wrongfully detained the same. Plaintiff then demands that defendant be adjudged to deliver said property to him, etc.

The answer of defendant denies every material allegation of the complaint, and then sets up, by way of defense, as new matter, that they have been in possession of the land upon which this grain grew from 1866, to and including the time during which the grain grew, was harvested, and taken off of the land by them, and that they plowed the ground, and sowed and harvested the grain. They further claim to have been tenants under one John Lawless, who claimed the land under the pre-emption law.

The court below tried the case without a jury, and gave judgment for the plaintiff for a redelivery of the property, or for six hundred dollars, if the property could not be had. The defendants moved for a new trial, which was refused, and they appeal to this court from such refusal.

The evidence shows:

1. That defendants had been cultivating this land ever since 1866, including the time they raised the grain, and that they were in possession thereof.

2. That at the time this grain was raised and harvested by defendants, the land upon which it grew was in dispute between Joshua Hull, who claimed to hold it under the homestead laws, and John Lawless, who claimed to hold it under the pre-emption laws of the United States.

3. That these defendants were tenants under Lawless, and by his permission.

4. That neither Joshua Hull nor Lawless had any further possession than that which they held by virtue of their claims under the laws of the United States, neither of them having lived on the land until after the commencement of this action.

5. That at the time the grain was harvested and taken off of the land, the dispute between Joshua Hull and Lawless had not been settled in the general land office of the United States, and that title was yet in the government.

This action was prosecuted as the old common law action of replevin. To support such an action the property must be a personal chattel, at the time of taking, and not something which has been turned into a chattel by reason of having been separated from the freehold by the defendant. (2 Bouv. Law Dict. 449.) It might be questioned even if plaintiff had been the owner in fee of the land upon which this grain grew, whether he could have maintained this action against defendants when they had been in possession of the land long before plaintiff filed his homestead application.

There can be no doubt we think, in this case, when the land was in dispute between Joshua Hull and Lawless, but that they were entitled to all the rights of Lawless, for, in addition to their possession, they had the permission of Lawless.

It certainly will not be contended that Joshua Hull could have maintained this action against Lawless. (See *Page v. Fowler*, 28 Cal. 605.) We think the position equally as tenable that no such action could be maintained against the defendants, who not only had all the right Lawless could give, but had had the quiet and peaceable possession of the land since 1866.

The evidence further discloses that the grain was mixed with other grain, and that it could not have been delivered to plaintiff; and while it is alleged in the complaint that the wheat was worth six hundred dollars, there is no prayer or demand for judgment for any amount of money in case the property could not have been delivered. No action of this kind will lie in a case where the property can not be designated or separated from other property of the same kind. We think the court below erred, and that a new trial should have been granted. Causes remanded for a new trial, and judgment of the court below reversed.