G. W. McMAHILL, Appellant, v. OSCAR WALKER, Respondent.

St. Louis Court of Appeals, May 4, 1886.

1. REPLEVIN—POSSESSION.—Mere naked possession will not support an action of replevin without general or special property in the plaintiff.

2. CHATTELS—RIGHT OF OWNER TO RE-TAKE.—The owner of a chattel, having the right of possession, may resume possession of it, wherever it may be, using only such reasonable force as may be necessary for that purpose.

APPEAL from the Louisiana Court of Common Pleas, ELIJAH ROBINSON, Judge.

*Affirmed.*

W. H. MORROW, for the appellant.

D. A. BALL, for the respondent.

THOMPSON, J., delivered the opinion of the court.

The appellant's statement of the case is adopted as correct. It is as follows:

"This action was instituted in a justice of the peace court to recover the possession of a horse, and taken by appeal to the Louisiana court of common pleas, where a verdict was given for the defendant, from which an appeal has been taken to this court.

"Plaintiff, to sustain the issues on his part, introduced evidence tending to show that he had loaned the defendant, who was his nephew, and was a tenant of the plaintiff, the horse here in dispute; that he made demand on the defendant, in June or July, that he return the horse into the plaintiff's possession, and that the defendant did so without objection; and that the

plaintiff, with the consent of the defendant, took the horse into his possession; that the horse being in the plaintiff's possession, the defendant, after about two weeks from the time he had given the horse up to the plaintiff, did, with force and without the consent or knowledge of the plaintiff, unhitch and take said horse from the plaintiff's wagon, then in charge of the plaintiff's servant, and took said horse into his own possession, claiming that it was his, and that thereupon the plaintiff instituted his suit in replevin to recover said horse.

"Defendant, to sustain the issues on his part, introduced evidence tending to show that it was not true that he had borrowed this horse from the plaintiff, but that he had bought it from him; that he did not surrender the horse into plaintiff's possession, but that, on the contrary, the plaintiff had, without the defendant's consent, taken said horse out of the defendant's pasture field; and that he, the defendant, finding the horse hitched to the plaintiff's wagon, in charge of the plaintiff's servant, had taken it therefrom, and that the plaintiff's servant, in charge of said horse, made no objection thereto. This was all the evidence offered.

"Whereupon the plaintiff prayed the court to instruct the jury as follows: 'If the jury believe from the evidence in the case that plaintiff was in the peaceable and quiet possession of the horse in controversy, through delivery to him thereof, by the defendant, as his, the plaintiff's horse, and that defendant forcibly took said horse out of plaintiff's possession, then the verdict should be for the plaintiff, even though the jury should believe from the evidence that defendant had purchased said horse from the plaintiff.'

"Which instruction the court refused to give; to which refusal of the instruction thus prayed, the plaintiff then and there excepted at the time.

"Of its own motion, the court gave the following instruction: 'The court instructs the jury that the only

question in this cause for them to decide is, the ownership of the horse in question, and if you believe from the testimony in the cause, that the defendant purchased the horse in question from plaintiff, then the jury will find for the defendant and assess the value of the horse at such amount as the testimony shows said horse to have been worth at the time he was replevied from the defendant.'

"To the giving of which instruction the plaintiff then and there excepted at the time."

Under the instructions of the court the jury found a verdict for the defendant.

The errors assigned by the plaintiff, who appeals, are the rulings of the court in respect of the above instructions. The court was right in ruling that the only question was, which party was the owner of the horse. Replevin can not be maintained upon a mere naked possession without a general or special property in the plaintiff. *Wright v. Richmond*, 21 Mo. App. 76. As there was no evidence in this case of any special property in the plaintiff, in respect of the horse in question, the only issue was, whether the plaintiff owned it or whether the defendant owned it. The mere fact that the plaintiff may have had peaceable possession of it under a claim of ownership, and that the defendant took forcible possession of it from the plaintiff, does not entitle the plaintiff to maintain the action, unless he was the owner of it, either in a general or in a special sense. The owner of a chattel may, unless disabled by contract or by special circumstances, resume possession of it wherever he may chance to find it, using such reasonable force as may be necessary to that end. In this respect there is a difference between real and personal property. The statute relating to forcible entry and detainer, on grounds of public policy and with the view of preventing breaches of the peace, requires the owner or person entitled to the right of possession of real property, the possession of which is forcibly withheld from him, to

resort to legal process in order to regain possession. But there is no such statute or rule of law relating to personal property.   Hence, the fact that the plaintiff may have had possession of the horse in controversy, under a claim of ownership, and that the defendant obtained possession of it by force, was an immaterial inquiry.   The question was, who was the real owner ; and this question the court properly submitted to the jury and they resolved it in favor of the defendant, and, as there was evidence tending to support their verdict, there is no ground for this appeal.

The judgment will accordingly be affirmed.  It is so ordered.   All the judges concur.