HENRY BAKER, Appellant, v. HAMILTON CAMPBELL, Respondent.

**Kansas City Court of Appeals, December 10, 1888.**

32  529
59  399

1. **Replevin :** LIES FOR CHATTELS SEVERED FROM FREEHOLD : TITLE NOT DETERMINABLE IN.  An action of replevin does not lie for the purpose of litigating and determining the title to real estate between adverse claimants ; but the owner of the land may bring replevin for chattels severed from the freehold, where there is no adverse possession, or where the adverse possessor is a trespasser.

VOL. XXXII—34

2. ——— : POSSESSION : OWNERSHIP : WHAT REQUIRED TO MAINTAIN
REPLEVIN.   Possession, while *prima-facie* ownership against a
wrong-doer, is not in fact ownership.   The *prima-facie* case is
open to rebuttal and possession will not support replevin when the
title is shown to be in another.   To maintain replevin one must
have a right to the possession coupled with a general or special
property.

3. Timber Severed by Trespasser : OWNERSHIP OF : RIGHTS OF
MARRIED WOMEN UNDER SECTION 3296, REVISED STATUTES : CASE
ADJUDGED.   Whenever timber is severed by a trespasser it becomes
personal property, and belongs to the owner of the land on which
it stood.   The lumber in controversy here belonged to the plain-
tiff's wife, who is shown to be the owner of the land ; and under
section 3296, Revised Statutes, it was her separate property.   Her
husband, the plaintiff, had no property whatever in the lumber,
and could not maintain this action.

*Appeal from Grundy Circuit Court.*—HON. G. D.
BURGESS, Judge.

AFFIRMED.

*L. A. Chapman* and *George Hall,* for the appellant.

(1) Replevin may be maintained to recover boards
or lumber sawed from logs wrongfully cut and taken
from lands belonging to another.   *Wingate v. Smith,*
20 Me. 287 ; Wells on Rep. p. 52, secs. 82, 83, 84, 86 ;
*Schelenberg & Belcher v. Campbell,* 14 Mo. 491, 492 ;
*Society v. Fleming,* 79 Am. Dec. 511 ; *Horton v. Horton,*
53 Am. Dec. 612 ; *Herdict v. Young,* 55 Pa. St. 178 ;
*Kimball v. Lohmas,* 31 Cal. 155 ; *Mahon v. Stoner,* 14
Iowa, 115 ; *Stearns v. Raymond,* 26 Wis. 74 ; *Richard-
son v. York,* 14 Me. 216 ; *Greene v. Iron Co.,* 62 Pa. St.
97 ; *Snyder v. Vaux,* 2 Rawle, 423 ; *Cadmalt v. Stanley,*
3 Clark [Pa.] 389 ; 87 Mo. 564 ; 81 Mo. 237.   (2) Where
the claimant has a special property in the goods or an
interest in them of a limited nature, if he has actual
possession, and has been deprived of it by defendant,
he may maintain replevin.   He need not be absolute
owner.   *Wilson v. Hall,* 5 Mo. App. 584 ; *Brehler v.
Campbell,* 14 Mo. 491, 492 ; *Johnson v. Comley,* 61 Am.

Dec. 762; *Coocher v. Monn*, 3 Mo. 472. (3) Prior rightful possession of property without any other title is sufficient to sustain replevin against a wrong-doer. Wells on Replevin, secs. 95–109; *Hunt v. Chambers*, 21 N. J. 624; *Summers v. Austin*, 36 Mo. 307. (4) Replevin will lie where trespass will lie. *Marshall v. Davis*, 19 Am. Dec. 463; *Mills v. Martin*, 19 Johns. [N. Y.] 31; *Soutelle v. Rollins*, 23 Me. 196. (5) The husband has a freehold in his own right in the real estate of his wife, which the wife cannot convey by will, and she is not a necessary party to vindicate the possession against wrong-doers. *Clark's Appeal*, 79 Pa. St. 376; *Kibber v. Williams*, 58 Ill. 30; *Harper v. Howell*, 52 Ga. 315. This estate, in the absence of statutory provisions, continues during coverture, and the husband during that time is entitled to the possession and management of his wife's real estate and to receive the rents and profits thereof. *Munn v. Graham*, 45 Ala. 370; *Bishop v. Blair*, 36 Ala. 80; *Royston v. Royston*, 21 Ga. 171; *Gray v. Dryden*, 79 Mo. 106, and authorities cited; *Dyer v. Witten*, 89 Mo. 81; *Bledsoe v. Simmes*, 53 Mo. 305; *Wilson v. Garahty*, 70 Mo. 517; *Kanaga v. Railroad*, 76 Mo. 207; *Wilson v. Arentz*, 70 N. C. 670. The wife's personal property becomes the property of the husband. *Hockaday v. Sallee*, 26 Mo. 219; *Hall v. Stephens*, 65 Mo. 670. (6) Section 3295, Revised Statutes of 1879, cannot affect the rights of plaintiff in lands conveyed to the wife, after marriage, and before the passage of the act. The land was conveyed to her in 1864, and the act was passed in 1865. The estate is liable for the husband's debts. *Pratt v. Smith*, 2 Vroom [N. J.] 244; *Mann's Appeal*, 50 Pa. St. 375; *Myers v. Gate*, 45 Mo. 416; *Van Note v. Downey*, 4 Dutch. [N. J.] 219; *Barbee v. Wymer*, 27 Mo. 140; *Grant v. White*, 42 Mo. 285. (7) Section 3295, Revised Statutes, 1879, only restricts the husband in his right to dispose of the wife's property. *Mueller v. Kaessman*, 84 Mo. 318; *Bledsoe v. Simmes*, 53 Mo. 305.

*T. A. Witten,* for the respondent.

(1) Plaintiff had no such interest in the land from which the timber was cut or in the timber itself or in the sawed lumber as would entitle him to maintain this action.    (2) The husband has a freehold and the right to receive rents and profits of his wife's real estate if at all only where wife has the legal title.    Hence authorities cited in support of counsel's fourth paragraph are not in point.    *Dyer v. Witler,* 89 Mo. 81.    (3) This is not an action to vindicate plaintiff's wife's possession. Logs cut from lands and sawed into boards become personalty, and this action cannot be resorted to to settle any question of title to the land.    Wells on Replevin, secs. 82 and 83.    (4) Replevin will only lie where plaintiff has a legal title to the chattel.    It is purely an action at law and must be based upon a legal and not an equitable right.    *McCurdy v. Brown,* 1 Duer [N. Y.] 101 ; *Baylis v. Lefaivre,* 37 Mo. 119 ; *Gartside v. Nixion,* 43 Mo. 138.    (5) Replevin will not lie to recover crops cut by an intruder in possession.    The remedy in such a case should be trespass *quare clausum fregit. Morgner v. Biggs,* 46 Mo. 65 ; *DeMott v. Hugerm,* 8 Cow. 220.    (6) Plaintiff could not have maintained this action in his own name because the lumber after being cut and sawed became personalty and her separate property.    R. S. sec. 3296, as amended by Acts 1883, p. 113.    This amendment does not seem to make it mandatory that the wife sue alone for the recovery of her separate personal property and doubtless an action conjointly with the husband might be maintained, but certainly not by the husband alone. Appellant's counsel seem greatly distressed about the difficulties presented by section 3295, but strangely enough fail to discover or wholly ignore section 3296 and the above amendment.    In short, the wife had no legal or equitable right to the lumber in question, and if she had, plaintiff could not recover it in his own name.

HALL, J.—This was an action of replevin for the recovery of the possession of certain lumber, which was, as was admitted in open court, by the parties, made from timber cut by defendant on certain described land, which then was, and long had been, as shown by the evidence, in plaintiff's possession. The plaintiff, on cross-examination, stated that he did not own the land, but had been in possession of it as his wife's land, which she had inherited from her father. The defendant made no claim to the land, but did introduce in evidence a quit-claim deed to himself of the land from one who was not shown to have any connection whatever with the land, but who was, defendant testified, believed by him, at the time of the execution of the deed, to be its owner. The case was tried by the court without a jury. The only question arising on the record is, did the court, under the facts above stated, properly find for the defendant?

An action of replevin does not lie for the purpose of litigating and determining the title to real estate between adverse claimants, but the owner of the land may bring replevin for chattels severed from the freehold, where there is no adverse possession, or where the adverse possessor is a trespasser. Wells on Replevin, sec. 82. The owner of land cannot be deprived of his right to an action of replevin for severed chattels by the mere assertion of title to the land by the trespasser who carried them off. *Id.* 89. This is true even when the trespasser is in possession of the land. But in this case, the defendant, under all the evidence, was a mere trespasser, and not in the possession of the land. Clearly, therefore, replevin lay by the owner of the land. It is true that proof of possession of the land by the plaintiff made a *prima-facie* case, since possession is *prima-facie* ownership as against a trespasser. Wells on Replev., sec. 81; *Hungerford v. Redford*, 29 Wis. 347; *Schulenberg v. Campbell*, 14 Mo. 493; *Harlan v. Harlan*, 15 Pa. St. 513; *Hart v. Vinsant*, 6 Heisk. [Tenn.] 616. But the proof in this case did not stop at the possession of the land, the plaintiff himself

stated that he did not own the land, that his wife owned it, having inherited it from her father.

Under such facts could the plaintiff maintain replevin for the possession of the lumber? Possession, while *prima-facie* ownership, against a wrong-doer, is not in fact ownership. The *prima-facie* case is open to rebuttal. Possession is not in fact ownership, and will not support replevin when the title is shown to be in another. *Broadwater v. Darne*, 10 Mo. 285; *Wright v. Richmond*, 21 Mo. App. 76; *McMahill v. Walker*, 22 Mo. App. 170. To maintain replevin one must have a right to the possession coupled with a general or special property. *Id.* "The plaintiff must show a right to have delivery of the property at the time of the issuing of the writ. *Wheeler v. Train*, 3 Pick. 255, 258. The proceeding is partly *in rem*, and unlike trespass or trover, which seeks damages only. It is not therefore, universally true, that replevin will lie where trespass *de bonis* may be brought." *Sharp v. Willenhall*, 3 Hill, 576; *Broadwater v. Darne*, *supra*. The fact that the plaintiff was in possession of the land and was entitled to such possession will not, without more, enable him to maintain this action. To maintain this action, it is nec-essary that he had some property, general or special, in the lumber. The question, therefore, is, did the plaintiff have any property, general or special, in the lumber made from trees cut and taken from his wife's land, inherited by her from her father? Whenever timber is severed by a trespasser it becomes personal property and belongs to the owner of the land on which it stood, Wood on Land and Tim., sec. 444; *Bower v. Higbee*, 9 Mo. 258; 4 Kent, 78; *Bulkley v. Dolbeane*, 7 Conn. 232; *Nooers v. Wait*, 3 Wend. 104. The lumber there-fore belonged to the plaintiff's wife, the owner of the land, but since at common law, the personal property of the wife in general went to the husband, it was the plain-tiff's property, unless it is taken out of the common-law rule by our statute concerning married women.

The real question in this case, therefore, is, was the lumber the separate property of the plaintiff's wife

under section 3296, Revised Statutes? So much of that section as is pertinent to the question reads as follows: "Any personal property including rights in action, belonging to any woman at her marriage, or which may have come to her during coverture by gift, bequest or inheritance, or by purchase with her separate money or means, or be due as the wages of her separate labor, or have grown out of any violation of her separate rights, shall, together with all income, increase and profits thereof, be and remain her separate property and under her control, and shall not be liable to be taken by any process of law for the debts of her husband." The lumber was made from trees that stood on the land inherited by plaintiff's wife. The plaintiff's wife took the trees with the land, of which they formed a part while they stood, by inheritance. The trees when severed may, we think, be fairly said to have come to her by inheritance in the meaning of the statute. They were real estate, it is true, when they came to her, but they came by inheritance, and that fact made them her separate property when they became personal property. As to the suggestion that the statute does not apply to this case, for the reason that plaintiff's wife inherited the land before the enactment of the statute, it is sufficient to say that there was no evidence of such fact. The evidence tended to show that the land was conveyed to the plaintiff's father-in-law in 1864, but there was no evidence whatever of the time of his death. The plaintiff had no property whatever in the lumber and could not maintain this action. The court below properly so held.

Judgment affirmed. All concur.