HANSON & THORSON, Appellants, v. MARY A.
McKERRALL, Respondent.

St. Louis Court of Appeals, March 5, 1894.

**Executions:** LEVY ON PROPERTY OF STRANGER TO WRIT: EFFECT OF
CLAIM AND BOND OF INDEMNITY.   When an execution is levied upon
property of a stranger to the writ, and he files a claim therefor,
the giving of a sufficient bond of indemnity under the statute
does not affect the rights of the claimant to the property itself
as against the execution plaintiff or the purchaser of it under the
execution.

*Appeal from the Greene Circuit Court.*—HON. J. T.
NEVILLE, Judge.

AFFIRMED.

*John F. Mehan* and *T. J. Delaney* for appellants.

The defendant made the statutory claim in writing
verified by affidavit, as prescribed by section 6311 of
the Revised Statutes of 1889.   The constable thereupon
demanded of plaintiffs the execution of an indemnity
bond.   This was executed by plaintiffs, delivered to
the constable and by him approved as solvent, and
returned to the justice and attached to the files.   This
constitutes an election, and the remedy of defendant
is upon the bond. She can not sue for trespass, nor
can she pursue property by replevin.   *Palmer v.
Shenkel*, 50 Mo. App. 571;   R. S., 1889, secs.
6311, 6312;   *Bradley v. Holloway*, 28 Mo. 150;   *Dodd v.
Thomas*, 69 Mo. 364;   *Hawk v. Applegate*, 37 Mo. App.
32.   The claim is in the nature of an interplea, and
in interpleas, while the remedy remains for damages,
the title to the property seized passes by the sale.

*Frank v. Ely*, 50 Mo. App. 579; *Young v. Kellar*, 94 Mo. 581.

*J. J. Collins* and *A. P. Tatlow* for respondent.

The owner of a chattel may resume possession of it wherever it may be found. *McMahill v. Walker*, 22 Mo. App. 170. An execution sale is judicial; the purchaser takes all risk. The rule of *caveat emptor* applies to such sales. *Cravens v. Gordan*, 53 Mo. 287; *Mann v. Best*, 62 Mo. 491. Respondent could replevy from the purchaser at the execution sale; therefore he can resist replevin after obtaining possession. *Bradley v. Holloway*, 28 Mo. 150; *Belkin v. Hill*, 53 Mo. 492.

ROMBAUER, P. J.—The plaintiffs recovered judgment before a justice against one Campbell, and caused an execution issued on such judgment to be levied on Campbell's interest in a matured crop of corn, standing in the defendant's field. The defendant made written claim to the corn as her property, whereupon the plaintiffs gave an indemnity bond to the constable under the provisions of section 6311 of the Revised Statutes of 1889. The corn was thereafter sold at plaintiffs' execution sale; they became the purchasers of it, and it was delivered to them by the constable. They removed part of the corn, but left part of it standing in the defendant's field. The defendant caused the latter part to be removed to her cribs, whereupon the plaintiffs sued out a writ of replevin for the corn thus removed by the defendant.

On the trial of this action, the above facts appearing, and the defendant adducing evidence tending to show title in herself to the corn at the time when the constable levied upon it, the court, which tried the cause without a jury, rendered a judgment for

the defendant. From this judgment the plaintiffs prosecute the present appeal.

The complaint of the plaintiffs is that the court refused to declare the law at their request, that upon the taking of an indemnity bond by the constable, and the execution sale thereafter, the title to the corn passed to the plaintiffs and hence the defendant could not recover in this action.

There is no decision in this state, which deals with the exact question now before us. There is not one which decides in terms what title, if any, the officer will pass to the vendee at an execution sale, where he levies upon the personal property of A under an execution against B, and the plaintiff in the execution gives an indemnity bond under the statute with solvent sureties to the officer. That question therefore will have to be decided on principle, and by its analogy with propositions decided in kindred cases which have a bearing upon the question.

We have no *market overt* in this country. That proposition has been discussed and so decided upon a full review of the authorities in *Bryant v. Whitcher*, 52 N. H. 158. The officer, therefore, can not· pass title to the goods of A under an execution against B, unless he can do so by force of the statute. He can not do so by force of the statute, unless the exhibition of a claim by the true owner, and the taking of an indemnity bond from the plaintiff by the officer, can be treated as an election by the true owner to assert his rights exclusively on the bond. That it is such an election as far as the officer is concerned admits of no controversy, because the statute itself so provides; but on what principle can it be deemed an election as far as other persons are concerned, at least before suit instituted on the bond? That it is no such election has been necessarily

decided by this court in *Peckham v. The Lindell Glass Company*, 9 Mo. App. 459, where it was held that, notwithstanding the indemnity bond, the true owner may maintain an action of trespass against the plaintiff in the execution. If the claimant's title to the property is not divested by his claim under the statute and the giving of an indemnity bond thereon to the officer, then it necessarily follows that he still has the title, and may peaceably retake the property which is his own, wherever he finds it. *McMahill v. Walker*, 22 Mo. App. 170.

In the interest of the security of *quasi* judicial sales, it would be wiser if the law would provide that the claim made by the true owner under such circumstances should be deemed an election on his part not only as against the officer levying the writ, but also as against all parties. But for the purposes of the present inquiry, it suffices to say *non ita lex scripta est.* Whether the retaking of the property in part is an election, which will debar the claimant and owner from thereafter proceeding on the indemnity bond, does not arise for decision on this record.

All the judges concurring, the judgment is affirmed.