[S. F. No. 1241.    Department One.—March 13, 1900.]

## J. N. HINES, Appellant, v. ROBERT E. L. GOOD et al., Respondents.

REPLEVIN — TITLE TO LAND — SALE OF HOUSE BY BONA FIDE CLAIMANT IN POSSESSION—SEVERANCE FROM LAND.—The title to land cannot be litigated in an action of replevin; and where a house was sold by a *bona fide* claimant of the land, in actual adverse possession thereof, and was severed from the land and delivered to · the vendee, who removed the same from the premises, another person claiming to be the owner of the land, but out of possession thereof, cannot maintain an action of replevin for the house against such vendee.

ID.—IMMATERIAL · EVIDENCE—TITLE—HOMESTEAD—FINDINGS.—Rulings upon matters of evidence in such action relating to plaintiff's title to the land, and to the validity and effect of a homestead claim of the defendants, are immaterial, especially in view of findings of fact as to the actual possession and *bona fide* claim of title by the defendant, when the house was sold and severed from the land.

ID.—JUDGMENT-ROLL—CLAIM OF TITLE.—Judgment-rolls introduced in evidence, not for the purpose of showing title, but as tending to show that the defendant in possession of the land upon which the house was situated claimed title thereto, and which are pertinent to that purpose, are admissible in favor of the defendant.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. J. R. Webb, Judge.

The facts are stated in the opinion of the court.

L. L. Cory, and Stanton L. Carter, for Appellant.

When defendant Good severed the building from the land, it became personal property, and, as plaintiff held the legal title to the land, the title to the building, when removed, remained in the plaintiff, and he may recover it against Good as a trespasser. (*Moisant v. McPhee*, 92 Cal. 77; *Hill v. Gwin*, 51 Cal. 47; *Buckout v. Swift*, 27 Cal. 437; 87 Am. Dec. 90.) Mrs. Foulke had no color of title, and was a trespasser on the property. (*Calderwood v. Tevis*, 23 Cal. 336.) If replevin could be maintained against Mr. and Mrs. Foulke, it could be

maintained against Good, their assignee; for the possession of real property that will defeat replevin for severed chattels must be an actual adverse occupation under color of title. (*Page v. Fowler,* 39 Cal. 418; 2 Am. Rep. 462; *Kimball v. Lohmas,* 31 Cal. 154; *Martin v. Thompson,* 62 Cal. 618; 45 Am. Rep. 663; *Halleck v. Mixer,* 16 Cal. 579; Wells on Replevin, sec. 89.) Replevin will lie by the owner of the land for fixtures removed from such land by the party in possession. (*Harlan v. Harlan,* 15 Pa. St. 507; 53 Am. Dec. 612; Freeman on Executions, 2d ed., sec. 351, p. 1167; *Sands v. Pfeiffer,* 10 Cal. 258; *McNally v. Connolly,* 70 Cal. 3; *Grewell v. Walden,* 23 Cal. 165; *Parker v. Storts,* 15 Ohio St. 352; Cobbey on Replevin, sec. 363, and cases cited.) There is no reason why courts may not resort to an inquiry into the title of the real property so as to determine the ownership of the chattels which have been severed from it. (*Clement v. Wright,* 40 Pa. St. 251; Wells on Replevin, secs. 79, 80.)

George B. Graham, for Respondents.

Replevin will not lie to try title to property severed from realty, where plaintiff's title to such severed property depends on his title to the realty from which it was severed, and where defendant is in possession of such realty at the time of severance, claiming title thereto. (*Halleck v. Mixer,* 16 Cal. 574; *Page v. Fowler,* 28 Cal. 605; *Pennybecker v. McDougal,* 46 Cal. 662; *Martin v. Thompson,* 62 Cal. 618; 45 Am. Rep. 663; *Smith v. Cunningham,* 67 Cal. 262; *Emerson v. Whitaker,* 83 Cal. 147; *Groome v. Almstead,* 101 Cal. 425.)

GAROUTTE, J.—Plaintiff claimed to be the owner of a certain piece of land upon which was situated a house. Defendant Mrs. Sarah Foulke was in the possession of the property, also claiming title thereto. She sold a portion of the house to defendant Good, it being at that time a part of the real estate. The house was severed from the land and removed to other premises. Whereupon plaintiff brings this action in replevin to recover possession of the house, claiming title thereto by virtue of his title to the land.

The trial court made findings of fact, to the effect that defendant Sarah Foulke "was in the actual possession and occu-

pancy of all of the premises and property described in plaintiff's complaint, and residing thereon together with her husband and family. That at all times herein mentioned said defendant Sarah I. Foulke claimed title in good faith to the whole of said premises. . . . . That on, to wit, August 1, 1896, and at all times from thence hitherto, said Sarah I. Foulke was and has been in the actual possession of the whole of the premises and property described in plaintiff's complaint, claiming title thereto in good faith. . . . . That at the time of the sale and delivery of the portion of said dwelling-house as aforesaid, said Sarah I. Foulke was in the actual possession thereof, but not after such delivery. That on, to wit, the date last aforesaid, in good faith and for a valuable consideration, she sold and delivered said portion of said dwelling-house described in plaintiff's complaint to defendant Robert E. L. Good, and on, to wit, August 9, 1896, said Good took and removed the same from and off the premises described in said complaint." The court also found that defendant Foulke had filed a homestead upon the property. But, as we view the case, this homestead finding becomes immaterial.

The court, upon the aforesaid findings of fact and others not necessary to detail, rendered judgment for defendants, having made no finding as to the status of the legal title to the land. The evidence is sufficient to support the finding as to the actual possession of defendant Sarah Foulke and her claim of title in good faith, and upon this state of facts the question is at once presented, Do these findings support the judgment? We are satisfied that they do. The title to this real estate cannot be litigated in an action of claim and delivery. Where a defendant is in the actual possession of real estate in good faith, claiming title thereto, a party, upon the claim that he is the true owner of the real estate, may not by claim and delivery secure the possession of property severed by defendant from the land. And this principle of law is based upon the ground that the title to the land cannot be litigated in that kind of a action. The cases all look in this direction, and the citation of a single one is all that is necessary. (*Marlin v. Thompson,* 62 Cal. 618; 45 Am. Rep. 663.) In that case it is said: "The cases go to the point that, where the property sued for has

been severed from plaintiff's land, he can show his ownership of the chattel by showing his ownership of the land, unless the defendant has, and had when the property was severed from the freehold, adverse possession of the land, claiming title thereto. Of course, to exclude plaintiff's right to sue for the personal property, defendant must have the adverse possession, claiming title." The evidence all shows that the claim of title upon the part of defendant Sarah was adverse to plaintiff, and a fair construction of the aforesaid findings so indicates. Under these circumstances, plaintiff's cause of action must fail, and it becomes unnecessary to test the character of plaintiff's title, or even the validity and effect of defendant Sarah's homestead.

Appellant discusses various assignments of error bearing upon the admission of evidence. Many of these assignments refer to matters pertaining to plaintiff's title, and others relate to defendant Foulke's homestead. As we have seen, those matters are immaterial; especially so, in view of the findings of fact as to plaintiff Foulke's actual possession and *bona fide* claim of title. The judgment-rolls introduced in evidence were not offered for the purpose of establishing title in either plaintiff or defendant, but were offered alone to show that defendant Foulke during all these times claimed title to the land upon which this house was situated; and for that purpose the evidence was pertinent. Many of the assignments bear upon evidence which appears to be wholly immaterial to the case from any standpoint.

For the foregoing reasons the judgment and order are affirmed.

Van Dyke, J., and Harrison, J., concurred.