# GUNDERSON v. HOLLAND.

'(133 N. W. 546.)

**Public lands — contest — replevin for crops — determining title to land.**

Defendant was in possession of 160 acres of land under a deed to his wife from the heirs of one John M. Holland; said heirs having completed proof of deceased and obtained patent as a homestead. After defendant had planted the crops thereon in 1907, the patent running to the heirs was canceled in a proper action by the United States government. The Northern Pacific Railway then applied for the land under a lieu script entry. This application was rejected by the local land office and an appeal taken. The defendant was a licensee under any rights had by the Northern Pacific Railway. Thereafter, and while the crops were yet unharvested, the plaintiff made application to enter the tract as a government homestead. This application was suspended and held in abeyance pending the appeal by the Northern Pacific Railway. Plaintiff squatted upon the land and built a cabin, but made no effort to dislodge the defendant in his possession of the land, and the defendant harvested the crops therein and began threshing same. The plaintiff thereupon begun his action in replevin to recover the grain. After nearly fourteen months the local land office was affirmed in its ruling, and the Northern Pacific script entry was rejected and plaintiff's entry accepted. *Held,* that the plaintiff was entitled to maintain the action in replevin at the time it was begun. His remedy, if any he had, was for the use and occupation of the land. Courts will not determine the title to land in an action for replevin of the crops. If the title is in dispute as to the land, and the plaintiff has no other claim to crops than his right as owner of the land, the action in replevin should be dismissed. The plaintiff, having alleged ownership of the crops in himself, must prove it; he cannot reply upon the weakness of defendant's title thereto.

Opinion filed November 18, 1911.

---

Note.—The rule undoubtedly is, as shown by a review of the authorities in notes in 69 L.R.A. 732, and in 85 Am. Dec. 322 and 89 Am. Dec. 429, that replevin, or an action of that nature, is not maintainable against one in adverse possession of land for things severed therefrom, the reason upon which the rule is based being that title to land cannot be tried in a transitory action.

The question of replevin for products of land held adversely is also considered in notes in 18 Am. Dec. 445; 85 Am. Dec. 322; and 95 Am. Dec. 429.

The right as between successful plaintiff and evicted defendant to crops not severed at time of final judgment is considered in a note in 23 L.R.A. (N.S.) 531.

That one who buys or makes lawful entry on public lands is entitled to crops thereon not yet severed and to all improvements placed thereon by another is shown by a review of the authorities in a note in 70 L.R.A. 799.

Appeal from District Court, Grand Forks county; *Templeton, J.*

Action by Melvin A. Gunderson against Lars Holland. From a judgment for defendant, plaintiff appeals.

Affirmed.

*Skulason & Burtness,* for appellant.

*Scott Rex* and *A. V. A. Peterson,* for respondent.

BURKE, J. There is no serious dispute as to the facts in this case. The defendant, Holland, and his wife were in possession of a quarter section of land under a deed, running to his wife, from the heirs of one John M. Holland. While in such possession, the defendant, through a tenant, planted the crops for the year 1907. Thereafter, about June 26, 1907, the patent to the land was canceled in the local land office pursuant to a decree of the United States district court. This decree declared that the patent was obtained through fraud, and was void from its inception. May 28, 1907, the Northern Pacific Railway applied to the local land office to script the land under its lieu script. The local land office rejected the application and an appeal was taken. The defendant, Holland, it appears, had procured the railway to make the application, and was a licensee under them. On June 26, 1907, the plaintiff made application to enter the land as a government homestead; but his application was held in abeyance pending the appeal of the railway company, until long after the cause of action herein accrued. Plaintiff squatted upon a part of the claim and built a cabin thereon. He worked as assistant cashier of a bank at a town some 6 miles distant, and slept in the cabin nights. He saw the defendant in possession of the rest of the tract, and protested against his occupancy, but brought no action in ejectment. He had no farming tools or stock. Defendant in the meanwhile was in full possession of all of the tract excepting the cabin, and kept his stock in the pasture. He had other buildings upon the tract but did not live thereon. He asserted his right to the land as against the world in general and against this plaintiff in particular, and was so asserting it when this suit was begun, October 9, 1907.

Plaintiff having alleged that he was the owner and entitled to the immediate possession of the grain upon the 9th of October, 1907, he must prove the allegation. He claimed no title or interest therein, however, excepting what he might have by virtue of his interest in the land

upon that date. When called upon to prove his ownership of the grain, he replies that it is his because he was upon said date a contestant and applicant for land upon which the grain had been grown. He attempts to prove a material allegation of his complaint by claiming that he is going to win in another action involving the title to the land. This is not permissible. To maintain a replevin he must first gain possession of the land, and must gain such possession before the crop has been severed from the land and reduced to personalty. To be sure, more than a year afterwards the contest to the land was decided in favor of the plaintiff; but at the date of the bringing of this suit it was still undecided. Plaintiff's right to the grain must be tried as of the time of the commencement of the action. See 34 Cyc. p. 1387, and cases cited. In order that the court might decide the replevin case in favor of the plaintiff, it would be necessary to decide the contest regarding the title to the land, which contest was at the very time in litigation in another proceeding before the Department of the Interior. This courts will not do. See Cooper v. Watson, 73 Ala. 252; Lieberman v. Clark (Wheeler v. Clark) 114 Tenn. 117, 69 L.R.A. 732, 85 S. W. 258; Adler v. Prestwood, 122 Ala. 374, 24 So. 999; Johnston v. Fish, 105 Cal. 420, 45 Am. St. Rep. 53, 38 Pac. 979; Brothers v. Hurdle, 32 N. C. (10 Ired. L.) 490, 51 Am. Dec. 400; Baker v. Campbell, 32 Mo. App. 529; Anderson v. Hapler, 34 Ill. 436, 85 Am. Dec. 318; Street v. Nelson, 80 Ala. 231; Brown v. Caldwell, 10 Serg. & R. 114, 13 Am. Dec. 660, 12 Mor. Min. Rep. 674; Halleck v. Mixer, 16 Cal. 574; Hines v. Good, 128 Cal. 38, 79 Am. St. Rep. 22, 60 Pac. 527; Washburn v. Cutter, 17 Minn. 361, Gil. 335; Caldwell v. Custard, 7 Kan. 303; Barnhart v. Ford, 37 Kan. 520, 15 Pac. 542; Lehman v. Kellerman, 65 Pa. 489; Hull v. Hull, 1 Idaho, 361; 34 Cyc. 1365; 42 Century Dig. title Replev. § 23; 34 Cyc. 367, § "e;" Olson v. Huntamer, 6 S. D. 364, 61 N. W. 479. Plaintiff has clearly mistaken his remedy. If he could establish his contention in this case, to wit, that his rights as entryman dated back to June, 1907, when he tendered his filing, and that he became in legal effect upon that day the owner of the land, yet he would not be entitled to the crop. He might possibly be entitled to recover for the use and occupation of the land while it had been withheld from him, but that is altogether a different remedy. In the case of Aultman & T. Co. v. O'Dowd, 73 Minn. 58, 72 Am. St. Rep. 603, 75 N. W. 756, the

court says: "It is the value and use of the land which the owner recovers, and not the fruits of the land. A contrary rule would give the owner the value of the use of the land, and the value of the labor of the farmer in producing the crop, for the crop contains the value of both." See also Golden Valley Land & Cattle Co. v. Johnstone, 21 N. D. 97, 128 N. W. 691; Olson v. Huntamer, 6 S. D. 364, 61 N. W. 479.

If, then, it be conceded that plaintiff was the owner of the land at the time of the commencement of the action, which, however, we do not decide, he would not be entitled to the severed crops. There is much authority, however, holding that the defendant was not a trespasser, but a good-faith claimant and applicant for the land. See Phillips v. Keysaw, 7 Okla. 674, 56 Pac. 695; Rathbone v. Boyd, 30 Kan. 485, 2 Pac. 664; Page v. Fowler, 28 Cal. 605; Stockwell v. Phelps, 34 N. Y. 363, 90 Am. Dec. 710. In which he would, of course, be entitled to the grains grown upon the land.

The trial court made findings herein which have the same effect as though found by a jury; a jury having been waived. These findings have not been challenged by any assignment of error in the statement of the case, and have been accepted by us as correct. They are supported by the evidence. At the close of the plaintiff's case he had failed to show any title to the grain in suit, and the trial court properly found so, and ordered the grain to be returned to the defendant from whom it had been taken.

Judgment affirmed.