## CHESTNUTT *et al.* v. HICKS.

No. 2959. Opinion Filed April 7, 1914.

Rehearing Denied June 26, 1914.

(142 Pac. 404.)

**JUSTICES OF THE PEACE—Transfer of Cause—Replevin—Title Involved.** The title or boundaries of land cannot be litigated in a replevin action, and it is therefore error to certify a replevin case to the district court when an affidavit is made under section 5357, Rev. Laws 1910, as the same has no application to replevin cases.

(Syllabus by the Court.)

*Error from District Court, Cherokee County;*
*John H. Pitchford, Judge.*

Action by H. M. Chestnutt and another against John Hicks. Judgment for defendant, and plaintiffs bring error. Reversed.

*Irwin Donovan,* for plaintiffs in error.

*Bruce L. Keenan,* for defendant in error.

LOOFBOURROW, J.   The plaintiffs in error, plaintiffs below, commenced this action in the justice of the peace court of Cherokee county by causing summons to issue and filing affidavit in replevin, which, omitting the caption, is as follows:

"J. D. Kerr being duly sworn, on oath, says that H. M. Chestnutt, the plaintiff in the above entitled action; that said plaintiff the owner of sirten amount of corn and entitled to the immediate possession of the following described property, of the

actual value as follows, to wit: Description of Property. One hundred Bushels of corn more or less value of forty cts. per bushel, grown on lan towitt The N. W. ¼ N. E. ¼ Section Eleven 11, T. 18, R. 21, Cultivated by Ban Word. The said complainant is the legal owner of said property and that the property is rongfully detende by defendant. This property has not bin taken by none legal proses of lawe. J. D. Kerr Acting. Agent for H. M. Chestnutt.

"Sworn and subscribed to before me this 14 Oct. 1910. David Nichols, J. P.

"All of the aggregate value of Forty Dollars more or less ——— Dollars; that said property is wrongfully detained from said plaintiff by the defendant; and that said property was not taken in execution on any order or judgment against said plaintiff or for the payment of any tax, fine or amercement against plaintiff or by virtue of any order or delivery issued in replevin or any other mesne or final process issued against said plaintiff. That said property was not taken in execution on a judgment rendered in favor of defendant against said plaintiff. J. D. Kerr Acting Agt. for H. M. Chestnutt. And the same is exempt by law from being so taken.

"Subscribed and sworn to before me, this 14 day of Oct. 1910. David Nichols, Justice of the Peace."

Thereafter the defendant in error, defendant below, filed the following instrument:

"Affidavit and Motion for Transfer to District Court Because Title of Land in Dispute.

"State of Oklahoma, Cherokee County—SS.:

"John Hicks, of lawful age and being first duly sworn, says that the plaintiffs, H. M. Chestnutt and J. D. Kerr, have commenced action against him to replevin certain rent corn which they alleged was grown on the N. W. ¼ of N. E. ¼ of section 11, township 18, range 21 east, in Cherokee county, Okla.; and defendant says that he is the owner and in the undisputed possession of said tract of land and that he never rented the same to the plaintiffs; and he further says the plaintiffs have no interest in the land; and he further says that the pretended claim of the plaintiffs, if they have a pretense of a claim, is founded on a deed made without consideration of one Robert Pollock, and made while the defendant was under legal restrictions by the United States government, being a three-fourths blood Cherokee Indian, member of the Five Civilized Tribes, that this is true, and that it is not made for vexation and delay but for the promotion of justice, that defendant was under restrictions against

alienation when he pretended to make a deed to Robert Pollock, and that he never received any consideration from said Robert Pollock for said deed, neither $800 nor any amount: Wherefore the defendant moves the justice above named to certify said case, and transmit all papers and process therein to the clerk of the district court of Cherokee county, Okla., within ten days, and prays that the same may be docketed there in said district court as if originally commenced therein.

"JOHN HICKS,
                                        "Defendant.

"Subscribed and sworn to before me this 24th day of October, 1910.

                    "DAVID NICHOLS, J. P.,
                                        "Notary Public.

"My commisison expires the ———— day of ————, 191—."

The cause was thereupon transferred to the district court of Cherokee county, and at the January, 1911, term of said court both parties announced ready for trial; the plaintiffs filed a motion to remand the case to the justice court, which was overruled and exception saved; plaintiffs then moved the court for judgment against the defendant by default, which motion was overruled, the court holding that the affidavit and motion to transfer from the justice court to the district court was a sufficient answer; plaintiffs then demurred to the alleged answer; the same was overruled, and plaintiffs elected to stand on the demurrer, and the district court rendered judgment in favor of the defendant, and from this judgment plaintiffs appeal to this court and assign as error, first, the refusal of the district court to remand said cause to the justice court.

Rev. Laws 1910 provide as follows:

"Sec. 5357. If in any action commenced before a justice it appears by the affidavit hereinafter provided for that the title or boundaries of land is in dispute in such action, said action shall be stayed before said justice, and said justice shall, within ten days thereafter, certify said case, and transmit all papers and process therein to the clerk of the district court of his county, and said case shall be docketed and thereafter proceeded with in the district court as if originally commenced therein; the justice before whom said action is commenced shall require of the defendant setting up said title or boundary,

to set forth in his answer or bill of particulars a full and specific statement of the facts constituting his defense of said title or boundary brought in question; and the defendant shall be required to make affidavit of the truthfulness of the statements in his said answer or bill of particulars contained, and that said defense is *bona fide* and not made for vexation or delay, but for the promotion of justice.

"Sec.. 5358. Justices shall not have cognizance of any action * * * fifth, in actions in which the title to real estate is sought to be recovered, or may be drawn in question."

Williams' Ann. Const. sec. 203, provides:

"Courts of justices of the peace * * * shall have jurisdiction concurrent with the county court, in civil cases where the amount involved does not exceed two hundred dollars ***."

*Id.*, sec. 197:

"* * * The county court shall not have jurisdiction * * * in any matter wherein the title or boundaries of land may be in dispute or called in question. * * *"

In *Hines v. Good et al.*, 128 Cal. 38, 60 Pac. 527, 79 Am. St. Rep. 22, it is held where defendant was in actual possession of certain real estate, claiming title in good faith, and sold a house thereon to another defendant, who removed it from the ground, plaintiff, claiming to be the true owner of the realty, cannot bring an action for claim and delivery of the house.

In *Martin v. Thompson*, 62 Cal. 618, 45 Am. Rep. 663, held, where the property sued for has been removed from plaintiff's land, he can show his ownership of this chattel by showing his ownership of the land, unless the defendant has and had, when the property was severed from the freehold, adverse possession of the land, claiming title thereto. To exclude plaintiff's right to sue for the personal property defendant must have the adverse possession, claiming title.

In *Anderson et al. v. Hapler*, 34 Ill. 436, 85 Am. Dec. 318, it is held that the owner of land may bring replevin for chattels severed from it where there was no adverse possession, but not if the land was held adversely. He cannot assert his title to the land in that manner. In the opinion it is said:

"The possessor of lands might bring replevin for chattels severed from the freehold; and, as the ownership of lands drew to it the constructive possession, the owner might bring

replevin for chattels thus severed where there was no adverse possession. But the owner could not bring replevin for chattels severed from land in the adverse possession of the defendant, or of a third person. The law does not permit him to assert his title to the land, against the person in adverse possession, in that manner."

In *Harlan v. Harlan,* 15 Pa. 507, 53 Am. Dec. 613, it is held trover or replevin for fixtures removed will not lie against one in actual adverse possession of the land and claiming title thereto.

In *Elliott v. Powell,* 10 Watts (Pa.) 453, 36 Am. Dec. 200, the court, quoting from *Brown v. Caldwell,* 10 Serg. & R. (Pa.) 114, 13 Am. Dec. 660, said:

" 'It is ruled that a transitory action does not lie by one not in the actual possession of land, although he may have a good title against one who is in the actual possession, claiming title, to determine the right to the product of the soil.' The remedy is for the reason therein clearly stated, by action of ejectment for recovery of the land itself, and by action for mesne profits. The difficulty here is in the application of those principles to the facts of the case. The defendant in replevin offered to prove title to the *locus in quo;* that he entered on the premises, which was his freehold, and cut and carried away the grain, for which the replevin is brought. We are of opinion that the evidence was admissible, because, if true, it is a flat bar to the action."

In the case at bar the issues are not clearly defined, but it is certain that title to real estate cannot be tried in replevin, either in a justice court or the district court.

The judgment of the trial court is reversed, with directions to remand the same to the justice court.

All the Justices concur.