## HARRY L. FARMER v. J. W. DAKIN.

### (149 N. W. 354.)

**Ejectment — trespass — forcible entry and detainer — jurisdiction where land situated.**

1. The actions of ejectment, trespass to real estate, and forcible entry and detainer, are local actions, and must be brought in the jurisdiction and state where the land is situated.

**Promissory note — action on — counterclaim — relation of causes of action.**

2. In an action to recover upon a promissory note, cross actions in ejectment, trespass to real estate, forcible entry and detainer, or conversion, are not proper subjects of counterclaim, there being no relation whatever shown between the contract evidenced by the note and the action sought to be counterclaimed.

Opinion filed November 12, 1914.

Appeal from the District Court of Sargent County, *Allen,* J. Action to recover on a promissory note. Counterclaim for the withholding of

the possession of real estate. Judgment for defendant. Plaintiff appeals.

Reversed.

Statement of facts by BRUCE, J.

This action was commenced in the justice's court, and the complaint was as follows:

"Plaintiff complains and alleges: That on June 11, 1912, the defendant executed and delivered to plaintiff his promissory note in the following words and figures; to wit: '$110 Crookston, Minnesota, June 11, 1912, October 1st, after date I promise to pay to the order of Harry L. Farmer one hundred ten ————— dollars at the First National Bank of Crookston, Minnesota, Value received with interest before and after maturity at the rate of 8 per cent per annum until paid. Interest payable annually. Due Oct. 11, 1912, J. W. Dakin.' Wherefore, plaintiff demands judgment of the court against the defendant for the sum of $110 and interest thereon at 8 per cent per annum from and since the 11th day of June, 1912, and for costs and disbursements herein. Dated March 10, 1913. O. S. Sem, Plaintiff's Attorney, Milnor, N. D."

To this complaint the following answer or counterclaim was interposed: "J. W. Dakin for his answer to the complaint in which Harry L. Farmer is plaintiff sets up for his defense and counterclaim as follows: That in the month of November A. D. 1910, he became the owner of a certain building located on section 9, township 147, range 51— Polk county, Minn., that this building was then in the possession of this plaintiff; that possession of said building has been demanded of this plaintiff and has been refused; that this defendant has been in need of this building on his own farm, and by reason of being deprived of the use of said building for more than two years this defendant has been damaged to the amount of $200. The defendant asks that the court takes nothing herein, and prays for judgment for his costs in this action. J. W. Dakin."

To this answer or counterclaim, the plaintiff demurred in the following language: "Comes now the plaintiff and demurs to the pretended defense and counterclaim of the defendant herein, and for ground of demurrer alleges: First, that the court has no jurisdiction of the

subject-matter attempted to be set forth in the pretended counterclaim; second, that the court has no jurisdiction over the subject-matter of the pretended counterclaim, as it involves real estate and the title and possession of and to real estate in the state of Minnesota; third, that there is a defect of parties plaintiff and defendant both, in that the title of this case is wholly omitted in the said pretended answer or counter- claim; fourth, that the pretended answer of the defendant, styled his defense and counterclaim, does not state facts sufficient to constitute a defense or counterclaim either, as therein alleged to plaintiff's complaint herein. Wherefore, plaintiff demands judgment as prayed for in his complaint. Dated March 10, 1913. O. S. Sem, Plaintiff's Attorney, Milnor, N. D."

This demurrer was overruled, and later and when defendant sought to prove his case, an objection to the introduction of any evidence under the answer and counterclaim on the ground "that said answer did not state facts sufficient to constitute a defense or counterclaim," was also overruled. The nature of this evidence is not disclosed by the transcript, save and except as it is disclosed that the defendant admitted the validity of the note. A judgment was then entered in favor of the defendant and against the plaintiff for $51.40 and costs, in all $55.50. Plaintiff then appealed to the district court under § 9164, Compiled Laws of 1913, "on questions of law alone," alleging that the justice court erred: "First, in overruling plaintiff's demurrer to the answer herein; second, in overruling plaintiff's motion to strike out defend- ant's so-called answer on the ground of ambiguity, and also that it is not so written out as to enable a person of common understanding to know what is intended; third, in denying plaintiff's motion for judg- ment on the pleadings for the amount prayed for in the complaint; fourth, in overruling plaintiff's objection to the introduction of any evidence by defendant on the ground that the so-called answer does not state facts sufficient to constitute a defense or counterclaim; fifth, in deciding and entering judgment in favor of the defendant and against plaintiff for the sum of $55.55, the same being against law; sixth, in refusing to enter judgment in favor of plaintiff and against the defend- ant for the amount prayed for in the complaint."

The district court found "that the assignments of error set out in the notice of appeal were not well taken," and entered judgment affirm-

ing the judgment of the justice of the peace in all things. From this judgment this appeal is taken.

*O. S. Sem,* for appellant.

The demurrer to the answer should have been sustained. Counterclaims sounding in tort cannot be pleaded against a claim upon contract. It clearly appears that defendant's claim set forth has no connection with plaintiff's cause of action, nor did it grow out of such cause of action. Braithwaite v. Akin, 3 N. D. 365, 56 N. W. 137; Hanson v. Skogman, 14 N. D. 445, 105 N. W. 90; Tuthill v. Sherman, 32 S. D. 103, 142 N. W. 257; Cooke v. Northern P. R. Co. 22 N. D. 266, 133 N. W. 303.

It is not enough that one sued in justice court knows for what he is sued. The petition or statement must be specific, and must advise defendant of the nature of the claim, and sufficiently definite to bar another action. McCrary v. Good, 74 Mo. App. 425.

No appearance for respondent.

BRUCE, J. (after stating the facts as above.) The judgment of the district court must be set aside. Both the demurrer to the answer and the motion to exclude all evidence thereunder should have been sustained. The answer did not deny the allegations of the complaint, or even ask for an affirmative judgment. The defendant, in fact, admitted the obligation of the note upon the trial. The answer, or whatever it may be called, was clearly worthless, either as an answer or as a counterclaim. The principal action was in contract and upon a promissory note. The defendant, by his alleged counterclaim, either attempted to set up a cross action in ejectment, forcible detainer, trespass, or, possibly, if the house was not attached to the freehold and was personal property, conversion. The land being in Minnesota, it is difficult to see how an action in ejectment, trespass to real estate, or forcible entry and detainer, would lie, as such actions are local in their nature. McLeod v. Connecticut & P. River R. Co. 58 Vt. 727, 6 Atl. 648; Mosby v. Gisborn, 17 Utah, 257, 54 Pac. 121; 5 Words & Phrases, 4202.

Even if the house were considered personal property, and there is nothing in the pleading or the record to indicate this, there can be no

pretense that the action arose out of the "contract or transaction set forth in the complaint as the foundation of the plaintiff's claim," or that it was in any way "connected with the subject of the action." This was, however, necessary to the counterclaim. See § 7449, Compiled Laws of 1913; Roney v. Halvorsen Co. 29 N. D. 13, 149 N. W. 688.

The judgment of the District Court is reversed, and the cause is remanded with directions to enter judgment in favor of the plaintiff and against the defendant for the sum of $110, with interest at 8 per cent per annum, from the 11th day of June, 1912, to the 10th day of March, 1913, and interest thereafter at the rate of 7 per cent per annum, together with the costs of said justice court and of said appeal to the district court and of the trial thereon in said court, with interest thereon at the rate of 7 per cent.